Case 4:20-cv-03430   Document 1-4   Filed on 10/05/20 in TXSD   Page 1 of 4

8/4/2020 12:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45078746
By: Cynthia Clausell-McGowan
Filed: 8/4/2020 12:12 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **LORIE DUFF** | § | IN THE DISTRICT COURT OF |
| | § | |
| **VS.** | § | ____ JUDICIAL DISTRICT |
| | § | |
| **FRONTIER AIRLINES, INC. AND** | § | |
| **ABM AVIATION, INC.** | § | HARRIS COUNTY, TEXAS |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, LORIE DUFF, Plaintiff, complaining of FRONTIER AIRLINES, INC. AND ABM AVIATION, INC. and for cause of action would respectfully show the Court as follows:

### I. Introduction

Plaintiff is residing in Montgomery County, Texas.

Defendant Frontier Airlines, Inc. is an airline located nationwide. Defendant may be served through their Registered Agent, The Prentice Hall Corporation, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218 or such other address where they may be found. Plaintiff requests that citation be issued and Defendant be served at this time.

Defendant ABM Aviation, Inc. is a Georgia corporation with its principal place of business in Sugar Land, Texas. It does business throughout the United States, including Harris County, Texas. ABM Aviation, Inc. May be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Tex. Civ. Prac. & Rem. Code §§15.002(a)(1) and 15.002(a)(2), venue is proper in Harris County, Texas because all or part of the events or omissions giving rise to the claim accrued in Harris County, Texas.

This Court has jurisdiction over this cause of action because Plaintiff seeks to recover an amount in excess of the minimum jurisdictional limits of this Court.

All conditions necessary to the filing of this suit have occurred.

Plaintiff seeks recovery of more than $200,000.00 but less than $1,000,000.00.

## II. Factual Background

This litigation arises out of an incident that occurred in Harris County, Texas on or about March 5, 2020 at George Bush Intercontinental Airport. Plaintiff was a passenger on Frontier Airlines flight GCL9FA. Plaintiff had been seated to deplane but stood up for a moment and when she did the flight attendants ordered her to be seated to call her a wheelchair. Iresha Lallus and Aylancia Lillie, employees and/or agents of Defendant ABM Aviation, Inc., appeared, called by Frontier's attendant. Plaintiff while reluctant, agreed to do so and ABM's representatives supplied her with one in which they strapped her inside of the wheelchair where she was unable to stand up without the strap being taken off, which they did not instruct her on how to do, and the only way out was for one of them to let her out of the wheelchair. Defendants' attendants began to assist Plaintiff off of the plane onto the gangway, they did not pay attention to the wheels of the wheelchair and the wheelchair fell forward with Plaintiff strapped inside of it causing her to strike the airplane with great force, including her head. Plaintiff struck her face, neck and head on the aircraft when she fell forward, causing injury to her person, and she was still strapped inside of the wheelchair when the Defendants' attendants lifted up her wheelchair with her still in it. Defendant ABM's Supervisor, Misty Canon, arrived and began asking her a series of questions all of which Plaintiff could not answer due to her head injury. Plaintiff had to be taken by EMS to the Emergency Room to be evaluated by a doctor but was turned away due to the amount of COVID-19 patients who were sick

2

so they refused to treat her and sent her home injured. Defendants not only failed to ensure that the equipment in which Plaintiff was strapped into had ejection notifications, notifying her of how to remove herself from the said wheelchair in case of an emergency, Defendants also insisted that Plaintiff be put in the wheelchair when it was not necessary in the first place as she is a fully capable person who can move around of her own free will even though she is disabled. Plaintiff was injured in the accident and has had to endure treatments from the injuries received from the accident. For these reasons, Plaintiffs' seek recovery.

### III. Negligence

Defendants owed Plaintiff a duty to use ordinary care in the usage and explanations of how to utilize and get out of their wheelchairs properly. Defendants breached this duty by failing to maintain and ensure that the instructions were available and provided to Plaintiff and all other customers who utilized the wheelchair services. Defendants also failed to properly train their employees on the proper usage of said wheelchair equipment, and the Defendants' agents and/or employees misused the equipment in allowing Plaintiff to be flipped over while strapped in the wheelchair. These breaches of duties, singularly or in combination, were the proximate cause of Plaintiff's injuries.

### IV. Injuries

As a proximate result of the acts of negligence of Defendants, Plaintiff has suffered debilitating and physical and mental pain and suffering. These injuries include, but are not limited to injuries, herniating discs in her neck, severe pain in her neck and head, headaches, whiplash, severe back pain and general pain and suffering. Plaintiff has incurred reasonable and necessary medical expenses and continues to do so.

## V. Damages

As a result of Defendant's actions, Plaintiff seeks the following damages:

1. Actual reasonable and necessary medical expenses in the past, current and future;

2. Pain and suffering and mental anguish in the past, current and future;

3. Pre- and Post- judgment interest at the highest rate allowed by law; and

4. Any and all other relief at law or equity to which Plaintiff may be entitled.

## VI. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendants for damages in accordance with the damages sought here, and further Plaintiff request all other relief at law or equity to which Plaintiff may be entitled.

Respectfully Submitted,

The Forsberg Law Firm, P.C.

By: ___/s/ Kevin A Forsberg_____
Kevin A. Forsberg
SBN:24009204
15899 Hwy 105 West
Montgomery, Texas 77356
Tel: 936-588-6226
Fax:936-588-6229
kevin@forsberglaw.net