8/30/2020 3:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45813982
By: JIMMY RODRIGUEZ
Filed: 8/31/2020 12:00 AM

## CAUSE NO. DC-20-04201

| | | |
|---|---|---|
| | § | |
| **LORIE DUFF** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **FRONTIER AIRLINES, INC.  AND** | § | |
| **ABM AVIATION, INC.** | § | |
| *Defendants.* | § | **125ᵗʰ DISTRICT COURT** |
| | § | |

### ABM AVIATION, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendant, ABM Aviation, Inc. and in response to Plaintiff's Original Petition, reserves the right to file other and further exceptions, denials and affirmative defenses, files this Answer.  In support, thereof, Defendant will respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendant denies each and every material allegation alleged in Plaintiff's Original Petition and demand strict proof thereof by a preponderance of the evidence.

### II.
### AFFIRMATIVE DEFENSES

1.      Defendant avers that the Plaintiff's Original Petition fails to state a claim or cause of action against Defendants upon which relief can be granted.

2.      Defendant alleges that if Plaintiff was injured as alleged, such injury was the proximate result, in whole or in part, of Plaintiff's own contributing negligence and any damages

to which Plaintiff is entitled should be reduced in an amount proportionate to the extent that Plaintiff's negligence contributed to same.

3. Defendant alleges that if Plaintiff was injured as alleged, then said injuries were proximately caused by, or contributed to risks assumed by Plaintiff or open and obvious conditions.

4. Defendant alleges that the physical condition of which Plaintiff complains is due, in whole or in part, to prior occurring injuries or illnesses or subsequent occurring injuries or illnesses to Plaintiff, or to natural causes and diseases, all unrelated to the alleged incident made the basis of Plaintiff's suit herein.

5. Defendant alleges that the Plaintiff's damages, if any, were caused in whole or part by the negligence of third parties or persons for whom these Defendants are not legally responsible.

6. Defendant denies anyone for whom it may be responsible was guilty of any negligence, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question.

7. Defendant alleges that the Plaintiff's accident was the result of a superseding and/or intervening cause or causes thereby precluding Plaintiff from recovering any damages against Defendant herein.

8. Pleading further and in the alternative, in the event liability is found on the part of the Defendant, which is at all times is denied, Defendant avers that they would be entitled to a credit for the amounts of all compensation, medical expenses, benefits, supplemental payments and advances, paid to and/or on behalf of the Plaintiff.

9.      Defendant contends, without waiving the foregoing, that Plaintiff's recovery, if any, of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the Plaintiff, pursuant to TEX. CIV. PRAC. & REM. CODE §41.0105.

10.      Defendant contends, the contract of carriage constitutes the entire agreement between ABM Aviation, Inc. and Plaintiff and supersedes all other agreements or representations, whether oral or written. The contract of carriage applies and limits Plaintiff's damages.

11.      Pleading further and in the alternative, without waiving the foregoing, Defendant invokes the doctrine of proportionate responsibility.  Accordingly, while Defendant denies any liability herein, Defendant requests that the trier of fact compare the relative percentages of fault of the Plaintiff, Defendants, settling person, and/or any other responsible third party or parties, if any, pursuant to the doctrine of proportionate responsibility as set forth in TEX. CIV. PRAC. & REM. CODE §33.001, *ET SEQ.*

12.      Defendant alleges that evidence, if any, offered by Plaintiff to prove loss of earnings or lost earning capacity must be presented in the form of a net loss after reduction for income tax payments. TEX. CIV. PRAC. & REM. CODE § 18.091.

13.      Defendant invokes the provisions of the Texas Finance Code Chapter 304 regarding limitations and restrictions on recovery of prejudgment and post-judgment interest.

14.      Defendant affirmatively pleads the limitation of punitive damage recoveries provided by § 41.008 of the TEX. CIV. REM. & PRAC. CODE as it applies to Plaintiff's claims herein.

15.      Plaintiff's damages and injuries, if any, were the direct result of Plaintiff's own failure to mitigate damages.

**III.**
**REQUEST FOR DISCLOSURE**

Pursuant to Rule 194, Plaintiff is requested to disclose, within thirty (30) days of service of this request, the information or material described in Tex. R. Civ. P. 194.2(A)-(L).

**IV.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant, ABM Aviation, Inc. respectfully request that that Plaintiff takes nothing by its Original Petition, that Defendant recover costs, and are granted such other and further relief to which it may show to be justly entitled.

Respectfully submitted,

Rose Law Group Pllc

*/s/ Marc Michael Rose*
Marc Michael Rose
State Bar No.  24098350
777 Main Street, Suite 600
Ft. Worth, Texas 77024
Telephone: (817) 887-8118
Facsimile: (817) 887-8001
E-mail: marc@roselg.com
**COUNSEL FOR DEFENDANT ABM AVIATION, INC.**

**CERTIFICATE OF SERVICE**

This is to certify that on August 29, 2020, a true and correct copy of the foregoing document was served by electronic service on:

Kevin A. Forsberg
The Forsberg Law Firm, P.C.
15899 Hwy 105 West
Montgomery, Texas 77356
Telephone: (936) 588-6226
Facsimile: (936) 588-6229
E-mail: kevin@forsberglaw.net
**COUNSEL FOR PLAINTIFF**

*/s/ Marc Michael Rose*
Marc Michael Rose

9/8/2020 1:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46038114
By: JIMMY RODRIGUEZ
Filed: 9/8/2020 1:17 PM

## CAUSE NO. 2020-46326

| | | |
|---|---|---|
| **LORIE DUFF,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **125TH JUDICIAL DISTRICT** |
| | § | |
| **FRONTIER AIRLINES, INC. and** | § | |
| **ABM AVIATION, INC.,** | § | |
| | § | |
| *Defendants*. | § | **HARRIS COUNTY, TEXAS** |

## DEFENDANT FRONTIER AIRLINES, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Defendant, Frontier Airlines, Inc. ("Frontier"), by its undersigned attorneys, Patrick J. Comerford, RIGBY SLACK LAWRENCE BERGER AKINC PEPPER & COMERFORD, PLLC, and files this Original Answer in response to the allegations contained in the Original Petition of Lorie Duff ("Plaintiff"), and would respectfully show the Court as follows:

### I. GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Frontier generally denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, and any subsequent amended or supplemental petitions, and demands that Plaintiff be required to provide strict proof thereof by a preponderance of the credible evidence, as required by law.

### II. REQUEST FOR DISCLOSURE TO PLAINTIFF

2.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Frontier requests Plaintiff disclose, within 30 days of service of this request, the information or material described in TEX. R. CIV. P. 194.2(a)-(I).

### III. <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

3.      Plaintiff's claims are barred in as much as Plaintiff's fault in the causation of her claimed injuries was greater than the fault, if any, of Frontier.

### SECOND AFFIRMATIVE DEFENSE

4.      Plaintiff's recovery in this action, if any, must be diminished by the amount of Plaintiff's comparative fault.

### THIRD AFFIRMATIVE DEFENSE

5.      Any injuries sustained by Plaintiff were as a result of the negligence and/or intentional conduct of entities or persons over whom Frontier had no control.

### FOURTH AFFIRMATIVE DEFENSE

6.      Any amount that Plaintiff claims, as compensatory damages, are diminished proportionately by the fault of Plaintiff, and the fault of all others who caused or contributed to the harm alleged.

### FIFTH AFFIRMATIVE DEFENSE

7.      The Petition fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

8.      If Plaintiff sustained injuries as alleged, such injuries were the result of intervening and/or superseding causes, and not Frontier's alleged acts or omissions.

### SEVENTH AFFIRMATIVE DEFENSE

9.      Plaintiff failed to name a necessary party whose action and/or inactions caused or contributed to Plaintiffs alleged injuries and must be added as a party.

## EIGHTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims against Defendants are barred in as much as Plaintiff assumed the risk of her own actions or inactions in causing her own injuries.

## NINTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims against Frontier are barred by Plaintiff's failure to mitigate her claimed damages from this incident.

## TENTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims may be preempted, either explicitly or implicitly, in whole or in part, by federal law, treaty or statute, including but not limited to the Airline Deregulation Act.

## ELEVENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims are subject to the provisions of the Convention for the Unification of Certain Rules for International Carriage by Air as supplemental by Frontier's applicable tariffs, tickets, and conditions of carriage (the "Montreal Convention").

## TWELFTH AFFIRMATIVE DEFENSE

14.     Plaintiff did not suffer a "bodily injury" as required by Article 17 of the Montreal Convention; therefore, Plaintiff's claims are barred as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff has failed to state a cause of action against Frontier pursuant to the Montreal Convention.

## FOURTEENTH AFFIRMATIVE DEFENSE

16.     Pursuant to the Montreal Convention, Plaintiff is not entitled to recover damages for emotional harm that do not arise out of the bodily injury, if any, sustained in the incident alleged in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

17.     Pursuant to the Montreal Convention, Plaintiff is not entitled to recover for a physical manifestation of an emotional injury.

**SIXTEENTH AFFIRMATIVE DEFENSE**

18.     If damages are awarded to Plaintiff, they should be reduced or offset by any sums advanced by or on behalf of Frontier pursuant to Article 28 of the Montreal Convention.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

19.     Pursuant to the Sudden Emergency Doctrine, Frontier cannot be held liable for the naturally occurring conditions alleged to be the cause of the incident.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

20.     Plaintiff's claims are barred by the applicable Statute of Limitations.

21.     Frontier reserves the right to add and rely upon such other and further defenses as may become apparent during the discovery of this action and reserve the right to amend their Answer and other pleadings to assert such additional defenses and third-party claims.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Frontier Airlines, Inc. prays that upon final hearing Plaintiff Lorie Duff take nothing against Defendant in the above-entitled and numbered cause, that Defendant recover its costs and reasonable and necessary attorney's fees from Plaintiff, and Defendant be granted such other and further relief to which it may be justly entitled.

Respectfully submitted,

RIGBY SLACK, PLLC

By: _/s/ Patrick J. Comerford_
    Patrick J. Comerford
    State Bar No. 24096724

3500 Jefferson Street, Ste 330
Austin, Texas 78731
Telephone: (512) 782-2054
pcomerford@rigbyslack.com

**ATTORNEYS FOR DEFENDANT
FRONTIER AIRLINES, INC.**


## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on September 8, 2020, I electronically filed the foregoing with the Clerk of the Court and I further certify that I have served the foregoing by email and regular mail to the following.

Kevin Forsberg, Esq.
THE FORSBERG LAW FIRM, P.C.
15899 Hwy 105 West
Montgomery, Texas 77356
_Via Email:_ kevin@forsberglaw.net

                      _/s/ Patrick J. Comerford_
                      Patrick J. Comerford