IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **LORIE DUFF**<br>　　*Plaintiff*,<br><br>vs.<br><br>**FRONTIER AIRLINES, INC. AND ABM AVIATION, INC.**<br>　　*Defendants*. | § § § § § § § § § § § §　　C.A. 4:20-cv-3430 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State when the conference of the parties required by Rule 26(f) was held and identify the counsel who represented each party.

    **December 17, 2020.  Kevin Forsberg for the plaintiff and Marc M. Rose for Defendant ABM Aviation, Inc. and Patrick Comerford for Defendant Frontier Airlines, Inc.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    **None.**

3. Specify the allegation of federal jurisdiction.

    **Diversity jurisdiction under 28 U.S.C. § 1332.**

4. Name the parties who disagree and the reasons.

    **None.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    **None known at this time.**

6. List anticipated interventions.

   **None.**

7. Describe class-action issues.

   **None.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The parties have agreed to make initial disclosures by January 25, 2021.**

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      **The timing of the initial disclosures and the phasing of discovery between fact and expert discovery is described herein. The parties do not anticipate any unusual issues related to electronic discovery or privileges. Likewise, they are not requesting changes to the discovery limits imposed by the Federal Rules of Civil Procedure of the local rules of this district.**

   B. When and to whom the plaintiff anticipates it may send interrogatories.

      **Plaintiff anticipates sending interrogatories to each defendant on or before February 15, 2021.**

   C. When and to whom the defendant anticipates it may send interrogatories.

      **Defendants anticipate sending interrogatories to Plaintiff on or before February 15, 2021.**

   D. Of Whom and by when the plaintiff anticipates taking oral depositions.

      **Plaintiff anticipates taking oral depositions of corporate representatives of each defendant pursuant to Rule 30(b)(6), of the person who worked for ABM Aviation, Inc. and/or Frontier Airlines, Inc. and assisted Plaintiff off the aircraft, of any witnesses to the incident, any witnesses**

    **to plaintiff's condition on the airplane, and witnesses as to plaintiff's damages. Plaintiff expects that he can conclude fact discovery by October 1, 2021.**

E. Of Whom and by when the defendant anticipates taking oral depositions.

    **Defendants anticipate taking the deposition of the Plaintiff and persons who witnessed the incident in question and/or have relevant knowledge of the facts and circumstances surrounding the incident in question, as well as Plaintiffs treating physicians and Plaintiffs experts. Defendants believe they can conclude fact discovery by October 15, 2021.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    **Plaintiff will be able to designate experts and provide the required reports by November 1, 2021. Defendants will be able to designate experts and provide the required reports by December 13, 2021.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    **Plaintiff is unable at this time to identify the names of the experts who he expects to depose but believes that the depositions can be completed within 45 days of the date the defendants designate the experts and provide their reports.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).

    **Defendants are unable at this time to identify the names of the experts whom they expect to depose but believe that the depositions can be completed within 60 days of the date the plaintiff designates experts and provides their reports.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

    **Not applicable.**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None.**

12. State the date the planned discovery can reasonably be completed.

    **Fact discovery can be completed by November 15, 2021. Expert discovery can be completed by January 10, 2022.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **Unlikely.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **Nothing at this time.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    **Plaintiff and Defendants are prepared to participate in a mediation after discovery has concluded with a mediator.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **Defendants do not consent to a jury trial before a magistrate.**

17. State whether a jury demand has been made and if it was made on time.

    **None.**

18. Specify the number of hours it will take to present the evidence in this case.

    **Plaintiff anticipates he can present his evidence in the case through direct testimony that will take no more than six hours. Defendants expect it will take 16 hours to present their evidence in the case.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   **No pending motions.**

20. List other motions pending.

   **No pending motions.**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   **No peculiar matters that deserve special attention.**

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Kevin A. Forsberg
THE FORSBERG LAW FIRM, P.C.
15899 Hwy 105 West
Montgomery, Texas 77356
Telephone: (936) 588-6226
Facsimile: (936) 588-6229
E-mail: kevin@forsberglaw.net
**COUNSEL FOR PLAINTIFF**

Patrick J. Comerford
Rigby Slack Lawrence Berger Akinc Pepper & Comerford
3500 Jefferson Street, Ste. 330
Austin, Texas 78731
Telephone: (512) 782-2054
E-mail: pcomerford@rigbyslck.com
**COUNSEL FOR DEFENDANT FRONTIER AIRLINES, INC.**

Marc Michael Rose
Rose Law Group PLLC
777 Main St., Suite 600
Ft. Worth, Texas 76102
Tel. (817) 887-8118
**COUNSEL FOR ABM AVIATION, INC.**

## CERTIFICATE OF SERVICE

      This is to certify that on December 18, 2021, a true and correct copy of the foregoing document was served by electronic service on:

Kevin A. Forsberg
THE FORSBERG LAW FIRM, P.C.
15899 Hwy 105 West
Montgomery, Texas 77356
Telephone: (936) 588-6226
Facsimile: (936) 588-6229
E-mail: kevin@forsberglaw.net
**COUNSEL FOR PLAINTIFF**

Patrick J. Comerford
Rigby Slack Lawrence Berger Akinc Pepper & Comerford
3500 Jefferson Street, Ste. 330
Austin, Texas 78731
Telephone: (512) 782-2054
E-mail: pcomerford@rigbyslck.com
**COUNSEL FOR DEFENDANT FRONTIER AIRLINES, INC.**

                                      */s/ Marc Michael Rose*
                                      Marc Michael Rose