

Judge Alfred H. Bennett

# THESE COURT PROCEDURES AND PRACTICES MUST BE SERVED WITH THE SUMMONS AND COMPLAINT OR REMOVAL PAPERS

Your attention is directed to the Court Procedures and Practices, which are applicable to cases assigned to Judge Alfred H. Bennett.

The plaintiff must serve these Court Procedures and Practices on all defendants, along with the Order for Conference and Disclosure of Interested Parties, the summons, and the complaint. A party removing a case to this Court has the same obligations as a plaintiff filing an original complaint. Proof reflecting service of these materials must be filed with the Clerk. An example of a Certificate of Service for removed cases can be found at the end of this document.

In addition, parties may, at their option, proceed with civil cases before Magistrate Judge Frances H. Stacy. The Consent to Proceed before a Magistrate Judge and accompanying notice can be found at https://www.txs.uscourts.gov/district/district-forms-filing-fees.

These Court Procedures and Practices are to be used in conjunction with the Local Rules of the United States District Court for the Southern District of Texas, not as a substitute for them. The Local Rules of this District can be obtained on the District website at https://www.txs.uscourts.gov/page/local-federal-rules. The Court requires strict compliance with the Local Rules.

**Please review these Court Procedures and Practices in their entirety before contacting the Case Manager:**

Lisa Edwards, Case Manager
To United States District Judge Alfred H. Bennett
United States District Court
515 Rusk St., Room 8624
Houston, TX 77002
Telephone: 713-250-5850
Email: Lisa_Edwards@txs.uscourts.gov

*Revised 11/02/2020*

# Court Procedures and Practices

A.  **GENERAL PROCEDURES**
1. Contact with Court Personnel
2. Electronic Filing
3. Appearances
4. Emergencies
5. Young Lawyers
6. Courtesy Copies
7. Font

B.  **PRETRIAL PRACTICE**
1. Initial Scheduling Conferences
2. Expedited Trial Alternative
3. Continuances
4. Discovery Disputes
5. Motion Practice
6. Settlements
7. Default Judgment

C.  **TRIAL PRACTICE**
1. Trial Settings
2. Pretrial Filings
3. Exhibits
4. Jury Selection
5. Hours
6. Depositions
7. Courtroom Protocol
8. Courtroom Technology
9. Examples

# COURT PROCEDURES AND PRACTICES

## A. GENERAL PROCEDURES

**1. Contact with Court Personnel**

Case-related inquiries regarding any case must be made by *e-mail* to the Case Manager, Lisa Edwards, at Lisa_Edwards@txs.uscourts.gov. Please ensure opposing counsel is CC'd unless it is regarding a sealed issue. At the Court's direction, law clerks may contact counsel; however, they will not discuss matters other than the subject of the call. Lawyers must not call the Court's law clerks unless they are returning a call.

Due to the Pandemic, until further notice, Court settings will be held via Zoom unless otherwise indicated. Parties will receive Zoom connection instructions the day before the setting via the email provided on the record.

**2. Electronic Filing**

The Court requires that parties file documents through the District Court's Case Management/Electronic Case Filing ("CM/ECF") System. *See* Local Rule 5.1 and Administrative Procedures for CM/ECF (as amended and available at www.txs.uscourts.gov).

**3. Appearances**

An attorney who appears at a hearing or conference shall

  (a) be familiar with the case and be prepared to argue any pending motions (including at the initial scheduling conference);
  (b) have authority to bind the client; and
  (c) be in charge for that appearance.

All counsel wishing to appear at a conference or hearing by telephone shall send a request to the Case Manager by email at least three business days prior to the hearing. The Court prefers for counsel to attend in person, especially for initial appearances. As such, leave for appearing at a conference or hearing by telephone will be granted only in special circumstances. Failure to appear when notified of a setting may subject the attorney and his or her client to sanctions. Motions Pro Hac Vice and Notices of Appearance must be on file a week before counsel plans to appear.

**4. Emergencies**

If both sides agree to an emergency/expedited hearing, please e-mail the Case Manager to set up a phone conference or hearing with Judge. If only one side feels it is an emergency, please file a motion for an emergency/expedited hearing. Email the Case Manager with a courtesy copy who will then provide it to Judge for consideration. ***Please reserve use of this procedure for extremely urgent circumstances.***

**5. Young Lawyers**

The Court strongly encourages litigants to be mindful of opportunities for young lawyers (i.e., lawyers practicing for fewer than seven (7) years) to conduct hearings before the Court, particularly when the young lawyer drafted or contributed significantly to the underlying motion

or response. The Court believes that it is crucial to provide substantive speaking opportunities to young lawyers and that the benefits of doing so will accrue to young lawyers, to clients, and to the profession generally. Thus, the Court encourages all lawyers practicing before it to keep this goal in mind.

**6. Courtesy Copies**
The court will request courtesy copies if needed. Courtesy copies of expedited or sealed documents only may be emailed to the Case Manager.

When requested, courtesy copies may be mailed to the Court at the following address:

>Case Manager to Judge Alfred H. Bennett
>United States District Court
>515 Rusk St., Room 8624
>Houston, TX 77002

**7. Font**
Filings must be double-spaced in Times New Roman 12-point font. All footnotes must be in Times New Roman 12-point font.

## B. PRETRIAL PRACTICE

**1. Initial Scheduling Conferences**
Federal Rule of Civil Procedure 16 initial scheduling conferences are ordinarily scheduled approximately three months after the filing of the case to allow the full time period for service. In cases in which service is prompt, this often results in a two- or three-month dead period in the case. To prevent this delay, parties are allowed to commence discovery once service is effectuated and prior to the initial scheduling conference. The parties may agree on additional deadlines for completion of pretrial matters and must bring a proposed docket control order with them to the initial scheduling conference. *See* Local Rule 16.1.

The Court seeks to set all but the most complex cases for docket call within one (1) year of the initial scheduling conference. Thus, the parties should come to the initial scheduling conference prepared to discuss the proposed docket control order as well as the likelihood of resolution prior to trial.

**2. Expedited Trial Alternative**
In cases that do not require substantial discovery, the Court provides the parties the option of agreeing to an abbreviated scheduling order and expedited trial. If the parties agree to forgo dispositive motions and formal discovery, the Court will set a date for a jury or bench trial within three months of the initial scheduling conference. Counsel should contact the Case Manager as soon as possible if the parties seek this option, so the Court can set a trial date. An expedited trial is a much less expensive alternative for cases in which the parties already possess at the time of filing most of the information they need. Additionally, agreeing to an expedited bench trial with no appeal is a less expensive alternative to arbitration.

**3. Continuances**
The parties may agree to extensions of discovery deadlines without seeking court approval, so long as the extension does not affect the dispositive motion deadline or docket call date. To continue the dispositive motion deadline or docket call date, the parties must submit a motion detailing a reasonable explanation that takes into consideration the current age and status of the case and whether the opposing party is prejudiced by further delay. *Agreed motions for continuance are not binding on the Court and should also include an explanation as to why the parties feel a continuance is necessary.*

The Court recognizes the value and importance of working parents spending time with their families, particularly following the birth or adoption of a child. Thus, any lead counsel who has been actively engaged in the litigation of a matter may seek an automatic continuance of a trial setting for up to 120 days for the birth or adoption of a child.

**4. Discovery Disputes**
The Court expects that the parties will make every effort to resolve all discovery issues absent court intervention. When those attempts prove unsuccessful, a conference with the Court may be requested. *Before filing any Motion to Compel*, the complaining party must email the Case Manger a letter-not to exceed two (2) pages-explaining the nature of the dispute and detailing the date, time, and place of the parties' prior out-of-court discovery or scheduling discussions and the names of all counsel participating therein. The Court will then determine the need for briefing or a conference on the matter.

Should additional briefing be allowed, such briefing and any response should not exceed ten (10) pages except with leave of Court. The initial letter as well as all additional briefing must also include a proposed order.

**5. Motion Practice**
Most motions are ruled on by submission. When a motion is filed on the docket, the CM/ECF system calculates the twenty-one (21) day response due date, which is indicated in the entry as the "Motion Docket Date." *This is not a hearing date.* If parties wish to have oral argument, a motion for hearing must be filed on the docket.

(a) A party may not file a motion and separate "Memorandum of Law." The motion itself must include the party's argument supporting the relief it seeks. All authority must be cited within the body of the document and not footnoted;
(b) Except for dispositive motions, all motions should include a proposed order, pursuant to Local Rule 7.1(C). *Do not include "Proposed" in the title of the order*. An example of an Order can be found at the bottom of this document. Please use the format featured in the example;
(c) Non-dispositive motions will be automatically struck if they do not include a Certificate of Conference. *See* Local Rule 7.1(D)(1);
(d) If a party wishes to file a pleading, motion, or exhibit under seal, the party must first file a Motion to File under Seal. The Court will then consider whether the pleading, motion, or exhibit shall be admitted under seal;
(e) Absent leave of Court for extended briefing, any brief or memorandum shall be limited to twenty (20) pages, including the case style, any table of contents or

authorities, and signature block. Pursuant to Local Rule 7.4, responses must be filed within twenty-one (21) days unless the Court orders an expedited response; and
(f) Reply briefs filed by movants will be considered if submitted before the Court rules on the motion. Reply briefs must be submitted within seven (7) days of the filing of non-movant's response to the motion and must not exceed five (5) pages in length, including the case style, any table of contents or authorities, and signature block. Sur-replies are rarely considered. Should a party think one is necessary, the party must seek leave of Court.

**6. Settlements**
If the parties have settled the case, they must file a Notice of Settlement on the record and email a courtesy copy to the Case Manager. Court settings and deadlines will be temporarily stayed when the Notice is filed. The Notice must designate whether the parties will file dismissal papers within 30, 60, or 90 days.

Upon receipt of the parties' notice of settlement, the court will schedule a Settlement Status Conference. However, if the parties file dismissal papers before the Settlement Status Conference, the Court will cancel the conference.

Upon settlement of a suit involving a minor plaintiff, counsel must jointly move for appointment of a guardian *ad litem* if there is a potential conflict of interest between the parent(s) and the minor. The parties may (but are not required to) submit the names of proposed guardians *ad litem* upon whom they agree. The Court will consider any names submitted but may appoint as guardian *ad litem* a person whose name has not been submitted by counsel.

**7. Default Judgment**
A party seeking a default judgment shall file a Motion for Default Judgment with the Court. The party seeking the default judgment must then notify all parties by regular and certified mail (return receipt requested).

If no hearing is necessary, the Court will rule on the Motion for Default Judgment no sooner than twenty-one (21) days after the filing of the motion. If a hearing is necessary, the parties must contact the Case Manager to set a date for the hearing, with any necessary witnesses prepared to testify at the hearing. However, if damages are liquidated, no hearing will be necessary if the parties submit the proper evidence with the motion.

Entry of default will be entered by the Court at the time the default judgment is granted. Accordingly, it is not necessary to seek an entry of default from the Clerk of the Court.

## C. TRIAL PRACTICE

**1. Trial Settings**
The docket control order will set the case for docket call, which will take place typically on a Friday at 1:30 PM. At docket call, the Court will notify all parties whether their case will be tried the following week. Otherwise, parties can expect their case to be set for trial later that month. Parties must submit all Pretrial Filings prior to docket call pursuant to section C.2. below and be

prepared to discuss those filings at docket call. A pending dispositive motion does not cancel the docket call setting; in such situations, counsel is expected to appear and be prepared to discuss the motion at docket call.

### 2. Pretrial Filings

The parties must file a Joint Pretrial Order fourteen (14) days prior to docket call. In addition, each party must file the following: an Exhibit List, a Witness List, Proposed Voir Dire Questions, Proposed Jury Instructions, Motions in Limine, and Deposition Designations and Objections. The parties must confer prior to filing Motions in Limine and note for the Court which requests are unopposed. Motions in Limine should not be "form" motions, but rather should be specific to the case.

### 3. Exhibits

To make efficient use of jurors' time, the Court follows Local Rules 44 and 46, requiring pretrial objections to the authenticity and admissibility of exhibits. The Court will typically address evidentiary objections at docket call and seek to pre-admit as many exhibits as is reasonable under the circumstances. Attorneys should use numbers, not letters, for exhibits. Counsel for each party shall provide the court with two (2) copies of that party's exhibits in notebooks at the beginning of trial. Exhibits will be withdrawn at the conclusion of trial. Parties are to electronically file admitted exhibits on the record for the purposes of appeal.

### 4. Jury Selection

Jury selection or *voir dire* is typically set in the morning. The Court will provide some background information and conduct a brief preliminary examination. Lawyers will then generally be allowed 30-60 minutes per side, depending on the nature and complexity of the case. The Court typically selects eight (8) jurors for civil cases, though it may sit more in lengthier cases.

The Court will allow for some facts during *voir dire* to put examination into perspective but will not allow an opening or argument.

There will be an opportunity to question jurors individually at the conclusion of the Court's and attorneys' questioning. But attorneys should not rely on this time to ask broad questions and may only ask questions relating specifically to an issue raised during *voir dire*.

The Court will allow time for any Batson challenges.

### 5. Hours

The Court typically holds trial 9:00 AM to 5:00 PM, Monday through Thursday. For trials expected to last more than two weeks, the Court will consider Friday sessions. The Court will take an afternoon and morning break in addition to the lunch hour.

### 6. Depositions

The Court will accept the parties' agreement to use a deposition at trial even though the witness is available. Counsel must provide Deposition Designations and Objections with the Pretrial Filings pursuant to section C.2. above. The Court will attempt to rule on objections at docket call if necessary, but these are usually ruled on during trial.

### 7. Courtroom Protocol

    (a) Be punctual;
    (b) Stand when addressing the Court;
    (c) Cellphone use is not permitted in the well of the Court; and
    (d) No drinks are permitted besides water in the well of the Court.

Counsel may question witnesses while sitting or standing. Counsel should ask to approach the witness the first time, but afterwards may move freely between the witness and counsel table when questioning so requires.

Counsel will address adult witnesses as "Mr." or "Ms."

Barring exceptional circumstances, each party is given only two (2) opportunities to question a witness (i.e., direct and re-direct, or cross and re-cross).

### 8. Courtroom Technology
Counsel should consult with the Case Manager about technology needs at least one (1) week in advance of trial.

**9. Examples**

*Example of an Order*

**THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PLAINTIFF NAME, | § § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:XX-CV-XXXX |
| | § § | |
| DEFENDANT NAME, | § § | |
| Defendant. | § | |

## **ORDER**

[Insert the text of the proposed order here. Below is the proper form of the signature block for proposed orders.]

It is so ORDERED.

_____         _____
Date                                                                   The Honorable Alfred H. Bennett
                                                                             United States District Judge

*Example of a Certificate of Service for a Removed Case*

**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PLAINTIFF NAME, | § § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:XX-CV-XXXX |
| | § § | |
| DEFENDANT NAME, | § § | |
| Defendant. | § | |

**CERTIFICATE OF SERVICE IN REMOVED ACTION**

I certify compliance with the Order for Conference and Disclosure of Interested Parties, which was entered upon filing of the petition for removal of this action.

On _____, I served copies of Judge Alfred H. Bennett's Court Procedures and Practices and the Order for Conference and Disclosure of Interested Parties on all other parties.

_____          _____
Date                                                                           Attorney for Defendant(s)