UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORIE DUFF | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 4:20-CV-03430 |
| | ) | |
| FRONTIER AIRLINES, INC. AND ABM AVIATION, INC. | ) | JURY DEMANDED |
| | ) | |
| DEFENDANTS | ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

1. COMES NOW, LORIE DUFF, Plaintiff, complaining of FRONTIER AIRLINES, INC., ABM AVIATION, INC. and DAL GLOBAL SERVICES, LLC (now known as UNIFI) and for cause of action would respectfully show the Court as follows:

### I. Introduction

2. Plaintiff is residing in Harris County, Texas.

3. Defendant Frontier Airlines, Inc. is an airline operating nationwide. Defendant has answered and a copy of this pleading shall be provided to its counsel of record.

4. Defendant ABM Aviation, Inc. is a Georgia corporation with its principal place of business in Sugar Land, Texas. Defendant has answered and a copy of this pleading shall be provided to its counsel of record.

5. Defendant DAL Global Services, LLC (now known as Unifi) is a foreign corporation operating nationwide. Defendant may be served through its agent for service, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Ste



620, Austin, Texas 78701. Plaintiff requests citation be issued and Defendant be served at this time.

## II. Venue and Jurisdiction

6. This Court maintains diversity jurisdiction pursuant to 28 U.S.C. §1332(a).

7. Venue is proper under 28 U.S.C. §1391 as the acts and omissions giving rise to the Plaintiffs' claims occurred within the Southern District of Texas.

## III. Factual Background

8. This litigation arises out of an incident that occurred in Harris County, Texas on or about March 5, 2020 at George Bush Intercontinental Airport. Plaintiff was a passenger on Frontier Airlines flight arriving at George Bush Intercontinental Airport.

9. Plaintiff had been seated in seat 32C (rear of plane) and was preparing to deplane but when she stood up for a moment a flight attendant ordered her to be seated to call her a wheelchair. Plaintiff had not requested the wheelchair service on board. Iresha Lalalus and Aylancia Lillie, employees and/or agents of Defendant ABM Aviation, Inc., appeared, called apparently by Frontier's flight attendant. This was a wheelchair service and type Plaintiff had not used before. One of ABM's employees got behind the wheelchair, and one in front. The lady behind the wheelchair instructed Plaintiff to cross her arms over her chest while the lady in the front of the wheelchair began strapping Plaintiff with straps that crisscrossed her chest, thighs, ankles and feet.

10. The ABM employees began pushing Plaintiff from the aisle near her seat to the exit door of the plane. There was a bump that they had to go across from the airplane to the gangway. When they lifted the chair to go over the bump, they dropped Plaintiff and the chair, causing

2

her to strike her head violently against the door frame of the airplane and toppling over in the wheelchair, causing Plaintiff to lose consciousness briefly; the employees of ABM immediately began to unstrap Plaintiff so the wheelchair could be moved off of her (as it ended up partially on top of her).

11. Upon information and belief, Defendant DAL Global Services, Inc. (Unifi), was contracted to operate the jet bridges that connect the airport to the airplanes by virtue of a ramp system. Plaintiff further believes that there was an uneven alignment between the plane and the jetway bridge (operated by Unifi) that caused and/or contributed to the incident by creating an uneven surface for a wheelchair to cross. The employee(s) of Unifi would know or should have known that wheelchairs cross from the plane to the jetway bridge and that an uneven surface would create a dangerous condition for a person using a wheelchair. Had Unifi's employee properly aligned the jetway bridge to the Frontier plane that Plaintiff disembarked, the subject accident may not have occurred.

12. Plaintiff sat on the doorframe of the plane until first responders appeared and took her vitals. Several passengers (and likely crew members) in the area saw Plaintiff and likely saw the incident. Plaintiff initially thought she just had a bad headache and denied transport to the hospital but after being taken to the baggage area by ABM employee Misty Canon, she was feeling awful and had the ambulance return to take her to the hospital.

13. Plaintiff had to be taken by EMS to the Emergency Room to be evaluated by a doctor but was turned away due to the amount of COVID-19 patients who were sick so they refused to treat her and sent her home injured.

14. Defendants not only failed to ensure that the equipment in which Plaintiff was strapped into

would not overturn, notifying her of how to remove herself from the said wheelchair in case of an emergency, Defendants also insisted that Plaintiff be put in the wheelchair when it was not necessary in the first place as she is a fully capable person who can move around of her own free will even though she is disabled. Plaintiff was injured in the accident and has had to endure treatments from the injuries received from the accident. For these reasons, Plaintiff seeks recovery.

### IV. Negligence

15. Defendants owed Plaintiff a duty to use ordinary care in the usage and explanations of how to utilize and get out of their wheelchairs properly. Defendants breached this duty by failing to maintain and ensure that the instructions were available and provided to Plaintiff and all other customers who utilized the wheelchair services. Defendants also failed to properly train their employees on the proper usage of said wheelchair equipment, and the Defendants' agents and/or employees misused the equipment in allowing Plaintiff to be flipped over in the wheelchair. Defendant Unifi is further negligent in failing to ensure a safe, level connection between the jetway and the aircraft as an uneven alignment poses an unreasonably dangerous condition for those utilizing wheelchairs. These breaches of duties, singularly or in combination, were the proximate cause of Plaintiff's injuries.

16. Defendant Frontier is further liable as it created a dangerous condition on the airplane by ordering and allowing a wheelchair service to attempt to take Plaintiff off the plan in a dangerous manner, without enough room to adequately maneuver the wheelchair despite telling Plaintiff that she needed to utilize the wheelchair service. Further, this incident was could have been prevented with proper support/assistance from Frontier staff as this incident

occurred on its property that it was under control of at the time the incident occurred. Frontier staff knew there was a bump from the airplane to the jetway, and further knew the door frame lacked any cushioning to avoid injury, and still allowed a wheelchair to be maneuvered through the door improperly, allowing the injuries to occur to Plaintiff. This dangerous condition was not disclosed to Plaintiff and it caused in whole or part her injuries.

## V. Injuries

17. As a proximate result of the acts of negligence of Defendants, Plaintiff has suffered debilitating and physical and mental pain and suffering. These injuries include, but are not limited to, herniated discs in her neck, severe pain in her neck and head, headaches, whiplash, severe back pain and general pain and suffering. Plaintiff has incurred reasonable and necessary medical expenses and continues to do so and future expenses are anticipated.

## VI. Damages

18. As a result of Defendants' actions, Plaintiff seeks the following damages:

    1. Actual reasonable and necessary medical expenses in the past, current and future;
    2. Pain and suffering and mental anguish in the past, current and future;
    3. Pre- and Post- judgment interest at the highest rate allowed by law; and
    4. Any and all other relief at law or equity to which Plaintiff may be entitled.

## VII. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendants for damages in accordance with the damages sought here, and further Plaintiff request all other relief at law or equity to which Plaintiff may be entitled.

Respectfully Submitted,

The Forsberg Law Firm, P.C.

By:___/s/ Kevin A Forsberg_____
    Kevin A. Forsberg
    SBN:24009204
    15899 Hwy 105 West
    Montgomery, Texas 77356
    Tel: 936-588-6226
    Fax:936-588-6229
    kevin@forsberglaw.net

Certificate of Service

A copy of this pleading has been forwarded to Counsels for Defendants' on this __9_ day of April 2021 via the PACER/ECF system

___/s/ Kevin A. Forsberg___
Kevin Forsberg