UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORIE DUFF | § | |
|     Plaintiff, | § | |
| | § | Case No. 4:20-CV-03430 |
| v. | § | |
| | § | |
| FRONTIER AIRLINES, INC. AND | § | |
| ABM AVIATION, INC. | § | JURY DEMANDED |
|     Defendants. | § | |

**DEFENDANT DAL GLOBAL SERVICES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Defendant DAL Global Services, Inc. ("Defendant" or "DAL Global"), and files this, its Answer to Plaintiff's First Amended Complaint [Dkt. 16] hereinafter the "Complaint") and respectfully shows the Court as follows.

1.  Regarding the allegations found in Paragraph 1 of the Complaint, this introduction does not require an admission or a denial.

2.  Regarding the allegations found in Paragraph 2 of the Complaint, Defendant DAL Global is without knowledge to admit or deny whether Ms. Duff is a resident of Harris County, Texas.

3.  Regarding the allegations found in Paragraph 3 of the Complaint, Defendant DAL Global admits that Frontier Airlines, Inc. is an airline which operated nationwide. Defendant DAL Global is without knowledge to either or admit or deny the remaining allegations.

4.  Regarding the allegations found in Paragraph 4 of the Complaint, Defendant DAL Global is without knowledge to either or admit or deny the allegations in this paragraph.

1

5. Regarding the allegations found in Paragraph 5 of the Complaint, Defendant DAL Global admits that it is a corporation operating nationwide and the second sentence. Defendant DAL Global denies the remaining allegations.

6. Regarding the allegations found in Paragraph 6 of the Complaint, Defendant DAL Global admits that diversity jurisdiction exists.

7. Regarding the allegations found in Paragraph 7 of the Complaint, Defendant DAL Global admits that venue is proper in this judicial district.

8. Regarding the allegations found in Paragraph 8 of the Complaint, Defendant DAL Global admits that Ms. Duff was a passenger on a Frontier Airlines flight arriving at George Bush Intercontinental Airlines in Harris County, Texas on March 5, 2020. Defendant denies the remaining allegations.

9. Regarding the allegations found in Paragraph 9 of the Complaint, Defendant DAL Global is without knowledge to either or admit or deny them.

10. Regarding the allegations found in Paragraph 10 of the Complaint, Defendant DAL Global is without knowledge to either or admit or deny them.

11. Regarding the allegations found in Paragraph 11 of the Complaint, DAL Global admits that it was contracted to operate the jet bridges which connected the airplane involved in the alleged incident. Regarding the remainder of the allegations in Paragraph 11 of the Complaint, they are denied.

12. Regarding the allegations found in Paragraph 12 of the Complaint, Defendant DAL Global is without knowledge to either or admit or deny them.

13. Regarding the allegations found in Paragraph 13 of the Complaint, Defendant DAL Global is without knowledge to either or admit or deny them.

14. Regarding the allegations found in Paragraph 14 of the Complaint, they are denied as to this Defendant. Defendant is unable to admit or deny the allegations as they pertain to other defendants.

15. Regarding the allegations found in Paragraph 15 of the Complaint, they are denied.

16. Regarding the allegations found in Paragraph 16 of the Complaint, they are denied.

17. Regarding the allegations found in Paragraph 17 of the Complaint, this is a Defendant DAL Global is without knowledge to either or admit or deny them. To the extent a response is required, it is denied.

18. Regarding the allegations found in Paragraph 18 of the Complaint, this is a request for relief for which an admission or denial is not required. To the extent a response is required, it is denied.

19. Regarding the allegations found in the Prayer of the Complaint, this is a request for relief for which an admission or denial is not required. To the extent a response is required, it is denied.

## II.
## Affirmative Defenses

20. Defendant DAL Global asserts as its first affirmative defense and/or in the alternative that Defendant DAL Global had no responsibility to Plaintiff with respect to her alleged accident and injuries.

21. Defendant DAL Global asserts for its second affirmative defense and/or in the alternative that Plaintiff is limited in the recovery of medical expense to the amount

3

actually paid or incurred, and Defendant DAL Global is not liable to Plaintiff for medical expenses that are not actually paid or incurred.

22. Defendant DAL Global asserts for its third affirmative defense and/or in the alternative that the sole cause of the alleged accident, or a contributing cause to it, was the fault, carelessness, misconduct, negligence, and/or want of due care on the part of third parties or others for whom Defendant DAL Global is not responsible, whose acts or omissions serve as a complete bar to, or in diminution of, any recovery by Plaintiff against Defendant DAL Global.

23. Defendant DAL Global asserts for its fourth affirmative defense and/or in the alternative that Plaintiff's injuries, if any, were caused by or contributed to by acts and/or omissions of others that constitute independent, intervening, intentional and/or superseding causes for which Defendant DAL Global is not responsible.

24. Defendant DAL Global asserts for its fifth affirmative defense and/or in the alternative that Defendant DAL Global is entitled to any offset and credit for any and all amounts paid to or on behalf of Plaintiff by any third party, and such shall serve as a complete bar to recovery for Plaintiff and/or offset or credit to Defendant DAL Global.

25. Defendant DAL Global asserts for its sixth affirmative defense and/or in the alternative that, if this Court should find Plaintiff sustained injuries as alleged, which is not admitted but is specifically denied, any damages they may have suffered were increased by Plaintiff's unreasonable failure to mitigate.

26. Defendant DAL Global asserts for its seventh affirmative defense and/or in the alternative the limitations contained in Section 41.0105 of the Texas Civil Practices & Remedies Code as to any claim by Plaintiff for reimbursement for medical expenses.

Defendant DAL Global asserts the right to have Plaintiff's medical or health care expenses limited to the amount actually paid or incurred by Plaintiff.

27.     Defendant DAL Global asserts for its eighth affirmative defense and/or in the alternative the benefits of §18.091 of the Tex. Civ. Prac. & Rem. Code and asks the Court to require Plaintiff to submit her claim for loss of earnings and loss of earning capacity in the form of a net loss after reductions for income tax and other Federal Income Tax law provisions.

28.     Defendant DAL Global asserts for its ninth affirmative defense and in the alternative Sections 33.001, 33.003, and 33.012 of the Texas Civil Practice & Remedies Code as affirmative defenses to Plaintiff's claims.

29.     Defendant DAL Global asserts for its tenth affirmative defense and in the alternative that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to a settling tortfeasor, designated responsible third party, or other party in this case, and as may be applicable under Texas Rule of Civil Procedure 48 or any other rule or statute.

30.     Defendant DAL Global asserts for its eleventh affirmative defense and in the alternative that any claims for pre- and post-judgment interests are limited by the dates and amounts set forth in Texas Finance Code Chapter 304.

31.     Defendant DAL Global asserts for its twelfth affirmative defense and in the alternative, the injuries of which Plaintiff complains, if any exist, were wholly caused by a new and independent cause or causes not reasonably foreseeable by Defendant, or by intervening acts of others which were the sole proximate cause, or in the alternative, a proximate cause of any injuries or damages to Plaintiff, and therefore, such new and independent acts or causes became the immediate and efficient cause or causes of injury,

such that any and all of the negligent acts or omissions of which Plaintiff complains as to Defendant were not the causes of any damages or injuries suffered by Plaintiff.

32. Defendant DAL Global asserts for its thirteen affirmative defense and in the alternative, that Plaintiff's conditions (in whole or in part) were pre-existing.

33. Defendant DAL Global does not knowingly or intentionally waive any applicable affirmative defenses.

34. Defendant DAL Global reserves the right to assert additional defenses that it may discover in the course of the proceedings of this matter and to which they may be entitled under the law, including case law, statutes, and rules of the jurisdictions whose law may be found to apply to the claims asserted.

35. Defendant DAL Global expressly denies any and all allegations in the Plaintiff's First Amended Complaint that are not specifically admitted herein.  Additional facts may become known during the course of discovery and upon further investigation that will support additional affirmative defenses currently unknown to Defendant. Additionally, Defendant DAL Global reserves to right to specify additional defenses.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant DAL Global Services, LLC prays that, upon final hearing, judgement be entered that Plaintiff take nothing by reason of this civil suit, that Defendant DAL Global Services, LLC recover costs, and the Court grant such other and further relief, both special and general, at law and in equity, to which Defendant may be justly entitled.

        Respectfully submitted,

        **BROWN SIMS, P.C.**

        _____
        Robert M. Browning
        Texas Bar No. 00796264
        Fed. ID No. 21097
        1177 West Loop South, Tenth Floor
        Houston, Texas 77027-9007
        Tel: (713) 629-1580
        Fax: (713) 629-5027
        *rbrowning@brownsims.com*

        **ATTORNEY-IN-CHARGE FOR**
        **DEFENDANT DAL GLOBAL**
        **SERVICES, LLC**

**OF COUNSEL:**

Allison Z. Schackel
Texas Bar No. 2408877
Fed. ID. No. 2561425
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel: (713) 629-1580
Fax: (713) 629-5027
*aschackel@brownsims.com*

**ATTORNEY FOR DEFENDANT**
**DAL GLOBAL SERVICES, LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing. Service on any party or counsel who is not a Filing User was accomplished via Email, Facsimile, Certified Mail/RRR, or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on this the 20th day of May, 2021.

_____
Robert M. Browning