# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| LORIE DUFF § | |
| Plaintiff, § | |
| § | Case No. 4:20-CV-03430 |
| v. § | |
| § | |
| FRONTIER AIRLINES, INC. AND § | |
| ABM AVIATION, INC. § | JURY DEMANDED |
| Defendants. § | |

## AGREED PROTECTIVE ORDER

Plaintiff Lorie Duff ("Plaintiff") and Frontier Airlines, Inc., ABM Aviation, Inc. and DAL Global Services, LLC ("Defendants") enter into this Agreed Protective Order in the above referenced matter and agree that the following should be ordered by the Court in connection with discovery herein.

**IT IS THEREFORE, ORDERED AS FOLLOWS;**

1. Except as provided herein, all information or documents designated by the producing party herein as "Confidential," shall be deemed to be "Protected Information" and are entitled to confidential treatment as described below. As this Order is being entered after certain documents have already been exchanged by the Parties, the Parties have ten days from the date of this Order to designate previously produced documents as "Confidential."

2. Any time after the delivery of Protected Information, counsel for either party may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to the counsel for the other party. If the parties are unable to agree, as to whether the Confidential designation is appropriate, each party shall have ten (10) business days from the date the parties certify in writing that they cannot so agree, in which to file a Motion for Protective Order with regard to any Protected Document in dispute. Failure to timely file such a motion shall constitute termination of the confidential status of such information or documents. The producing party shall have the burden of establishing that the disputed Protected Information is entitled to Confidential treatment or other protection from disclosure.

1

3. Protected Information shall not be used or shown, disseminated, copied or in any manner communicated to anyone for any purpose whatsoever, except for purposes of prosecuting or defending this lawsuit as provided herein.

4. Protected Information shall only be disclosed to the following:

   a. attorneys of record;
   b. employees of attorneys' of record, including experts;
   c. parties to this litigation; and
   d. the Court (under seal).

In cases where the party is a legal entity, prior to any disclosure of Protected Information, the party may designate two party representatives in writing served on opposing counsel to whom Protective Information may be disclosed subject to the provisions of this Order.

5. Any person who receives a Protected Information shall be instructed that he/she is bound by the confidentiality provisions set forth in this Order.

6. If Protected Information is used in depositions, at hearings or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the documents or information.

7. Protected Information may be disclosed by a non-producing party to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify or in examining the witness, to officers of the party which designated the information as classified, or to author or addresses or any person who, as a matter of record, actually received a Protected Information other than through the discovery or through attorney client communications relating to litigation or legal advice.

8. Inadvertent or unintentional production of documents or information containing Confidential information which is not designated at Confidential shall not be deemed a waiver in whole or in part of a claim for Confidential treatment. Such documents or information shall be retroactively designated in the manner provided herein and shall be treated as Protected Information from the date written designation is provided to the receiving party.

9. No party shall under any circumstances sell, offer for sale, advertise or publicize Protected Information, provided that nothing herein shall preclude the use or disclosure of such information in any manner which (a) was in its possession prior to the receipt from the supplying party, (b) appears in the public domain, in any printed publication, in any publicly filed material or in other material available to the public through no fault of the receiving party, (c) was or is hereafter obtained from a source or sources not subject to this Order, (d) is exempted from the operation of this Order by written consent of the party producing such confidential information, (e) which hereafter becomes available to the public as a result of acts by others not a party that produced any

2

Protected Information before any use of same is to be made under provisions of this paragraph, such notice explaining why uses is permitted hereby.

10. The provisions of this Order shall continue to be binding upon termination of this litigation.

11. Upon termination of this action by dismissal, judgment or settlement, counsel for each party shall, within 60 days after written request to do so, either return the Protected Information to the producing party's counsel or certify the destruction of them.

12. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents or information produced there under, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents and information that are used as exhibits in Court, (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders, (c) as otherwise provided herein, and (d) shall be no restriction under this Order as to any document ordered or declared public by this Court or any appellate court by final judgment or writ of mandamus.

13. This Order shall be binding upon the parties, their attorneys, successors, executives, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors or other persons or organizations for which they have control.

14. This shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of an "Confidential" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

SIGNED this _____ of _____, 2021.

_____
Judge Presiding

3

APPROVED AS TO FORM
AND SUBSTANCE:

BROWN SIMS, P.C.

*/s/ Robert M. Browning*

Robert M. Browning
State Bar No. 00796264
Fed. ID No. 21097
Allison Z. Schackel
State Bar No. 2408877
Fed. ID. No. 2561425
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
rbrowning@brownsims.com
aschackel@brownsims.com

**COUNSEL FOR DEFENDANT
DAL GLOBAL SERVICES, LLC**

ROSE LAW GROUP PLLC

*/s/ Marc Michael Rose*

Marc Michael Rose
State Bar No. 24098350
Fed. ID No. 2943701
777 Main Street, Suite 600
Ft. Worth, Texas 77024
marc@roselg.com

**COUNSEL FOR DEFENDANT
ABM AVIATION, INC.**

THE FORSBERG LAW FIRM, P.C.

_/s/ Kevin A. Forsberg_
Kevin A. Forsberg
State Bar No. 24009204
15899 Hwy 105 W
Montgomery, Texas 77356
kevin@forsberglaw.net

ATTORNEY FOR PLAINTIFF

RIGBY SLACK LAWRENCE BERGER
AKINC PEPPER + COMERFORD, PLLC

_/s/ Patrick J. Comerford_
Patrick J. Comerford
State Bar No. 24096724
Fed. ID No. 2973386
3500 Jefferson Street, Suite 330
Austin, Texas 78731
pcomerford@rigbyslack.com

ATTORNEY FOR CO-DEFENDANT,
FRONTIER AIRLLINES, INC.

5