IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LORIE DUFF** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:20-cv-03430 |
| | § | |
| **FRONTIER AIRLINES, INC.,** et al. | § | |
| | § | |
| *Defendants*. | § | |

### ABM AVIATION, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant ABM Aviation, Inc. ("ABM" or "Defendant") files this Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint. Defendant respectfully requests that the Court deny the motion in its entirety for the reasons set forth herein.

### I. INTRODUCTION

The Court should deny Plaintiff's Second Motion for Leave to File Amended Complaint filed on December 15, 2021. Dkt. No. 32 First, Plaintiff has not, and cannot, demonstrate good cause under FED. R. CIV. P. 16(b) to modify the Court's scheduling order to permit her amendment.

Second, even assuming good cause to modify the scheduling order, the proposed Second Amended Complaint ("SAC") runs afoul of the factors considered for amending the pleadings, pursuant to FED. R. CIV. P. 15 because Plaintiff's amendment is sought in bad faith. Specifically, Plaintiff is seeking to materially and artificially erase key facts of the case by deleting allegations and claims from the First Amended Complaint ("FAC") (Dkt No. 16) against Defendant DAL Global Services, Inc. ("DAL") just because Plaintiff settled her claims against DAL.

Third, ABM will be prejudiced by the proposed SAC as it has a right to conduct discovery, and when appropriate, inform the jury of Plaintiff's allegations that DAL may have negligently

1

failed to operate the jet bridge and align it with the aircraft as so required, causing the alleged incident which is the subject of this lawsuit. Yet, the proposed SAC inhibits this ability because Plaintiff is reinventing her case by erasing DAL's potential liability, which prejudices ABM's ability to reallocate liability with the responsible tortfeasor as alleged in Plaintiff's FAC.

Finally, FED. R. CIV. P. 41(a)(2) provides Plaintiff with the proper procedure to seek leave of Court to dismiss her claims against DAL. But even under this applicable rule, dismissal is not absolute. As discussed below, ABM would lose a substantial right by the dismissal of DAL from this lawsuit by denying it a right to cross claim against DAL for contribution. Indeed, voluntary dismissal as afforded under FED. R. CIV. P. 41(a)(2) would be prejudicial to ABM and would not be in harmony with the intent of the Rule.

In sum, Plaintiff's attempt to strip factual detail from her complaint based solely on a settlement is disingenuous, problematic, and done in bad faith. While leave to replead often is freely given, the circumstances here require that Plaintiff's wholly unsubstantiated and unsupported motion be denied.

## II. PROCEDURAL HISTORY AND DIFFERENCES BETWEEN THE PROPOSED SAC AND FAC

This is a personal injury action in which Plaintiff seeks recovery for alleged bodily injuries purportedly sustained on or about March 5, 2020, while deplaning an aircraft at George Bush Intercontinental Airport in Houston, Texas.

On April 2, 2021, Plaintiff filed an Unopposed Motion For Leave To File Amended Complaint (Dkt. No. 13), which was granted by order of the Court on April 16, 2021. Dkt. No 15.[1]

---

[1] The parties' original Scheduling Order provided an April 2, 2021 deadline for amendments to pleadings and addition of new parties. Dkt. No 10. On December 6, 2021, the Court entered into an Amended Scheduling Order, but did not supplement the April 2, 2021, date. *See* Dkt. No. 30 (stating pleadings deadline was N/A).

Plaintiff's Amended Complaint added claims against DAL, whom Plaintiff alleged was "contracted to operate the jet bridges that connect the airport to the airplanes by virtue of a ramp system." Dkt. No. 16 at ¶11. According to Plaintiff, during a wheelchair service, ABM employees began pushing Plaintiff from the aisle near her seat to the exit door of the plane, and that there was an "uneven alignment between the plane and the jetway bridge (operated by [DAL]) that caused/and or contributed to the incident by creating an uneven surface for a wheelchair to cross." *Id.* According to Plaintiff "[h]ad [DAL's] employee properly aligned the jetway bridge to the Frontier plane that Plaintiff disembarked, the subject incident may not have occurred." *Id.*

On December 15, 2021, Plaintiff moved to dismiss all of its claims against with DAL with prejudice on the grounds that the parties settled their claims with respect to this suit. Dkt. No. 33. That same day, Plaintiff brought this instant motion requesting leave to amend the FAC alleging that Plaintiff resolved her claims against DAL. Dkt. No. 32. In the proposed SAC filed with her motion for leave, Plaintiff strips all allegations and claims against DAL Global.

By way of example, Plaintiff deletes the critical allegation in the FAC's paragraph 11 (referenced above) (i.e. that DAL was responsible for the uneven alignment between the plane and the jetway bridge (operated by DAL)), and instead scrubs any mention of DAL, to allege as follows:

- "There were differing surfaces that had to go across the airplane to the gangway. When they lifted the chair to go from the plane surface to the off plane [*sic*] surface, they dropped Plaintiff and the chair…"

Dkt. 32-1 ¶9. Neither the proposed SAC nor Plaintiff's brief in support of her motion for leave to amend explain why it was necessary to completely erase facts surrounding DAL's involvement in the alleged incident – especially when the FAC alleges that DAL is *exclusively* in charge of the jetway. Plaintiff does not point to newly learned facts, new documents, or submit an affidavit with

3

her motion explaining –apart from settlement–the new circumstances as to why DAL is suddenly not liable. Dkt. No. 32. In truth, there are none. The sole basis for seeking leave to amend, to scrub the complaint of any reference to DAL, is settlement.

### III.  ARGUMENT

Although it appears Plaintiff seeks leave of the Court to amend her pleading pursuant to FED. R. CIV. P. 15,[2] in actuality, what she seeks is leave of this Court to file a second amended complaint after the expiration of deadlines set by this Court in its scheduling order. Where, as here, a party seeks leave to amend a pleading after the deadline imposed by the district court for such amendments, the party seeking leave to amend must satisfy the strict requirements of FED. R. CIV. P. 16(b). *SW. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

Rule 16(b) requires the party seeking leave to amend to show "good cause" for her failure to meet the district court's deadline. *Id.* at 546. The Fifth Circuit has identified four factors relevant to determining whether good cause exists: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.*  The Fifth Circuit has observed that good cause requirement for a modification of a scheduling order deadline requires that the party "seeking relief [] show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1 (2d. ed. 1990)).

---

[2] Plaintiff's motion cites only to one case, *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962), and is completely devoid of any reference to the federal rules.

Only after the movant demonstrates good cause to modify a scheduling order will the more liberal standard under FED. R. CIV. P. 15(a) apply. Under Rule 15(a), a district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party, and futility of amendment. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). While leave to amend is liberally given, it "is by no means automatic." *Id. Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 314 (5th Cir. 1996).

> **A.   Plaintiff has failed to demonstrate good cause as required by Rule 16(b) to modify the scheduling order.**

The Motion is untimely pursuant to the Court's scheduling order. The parties' January 8, 2021, scheduling order in this matter indicates that amendments to pleadings were due no later than April 2, 2021.[3] Dkt. No. 10. In her Motion for Leave, Plaintiff surreptitiously states that the "Court recently entered a new scheduling order" (Motion at ¶3) but omits the fact that the original scheduling order, not the "new scheduling order" references the deadline for amendments. *Cf.* Dkt. No. 10 at § 1 with Dkt. No. 30 at § 1.

"Rule 16(b) governs amendment of pleadings after a scheduling deadline has expired." *S & W Enters., L.L.C. v. Southwest Bank of Alabama,* 315 F.3d 533, 536 (5th Cir.2003). The court's scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIVIL P. 16(b)(4).

Plaintiff's motion never addresses the four factors utilized by the Firth Circuit in determining whether good cause exits to modify the Court's scheduling order. "Indeed, when a party ... does not address the good cause standard under Rule 16(b)(4), this court typically denies

---

[3] As discussed above, the Amended Scheduling Order does not discuss amendments to pleadings. *See* Dkt. No. 30.

5

the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010); *and see Miles v. Illini State Trucking Co.*, 2017 WL 8677336, at *1 (N.D. Tex. May 4, 2017) (words "good cause" used in motion but without analysis or substantiation). Regardless, any explanation would be unsatisfactory.

First, Plaintiff has no colorable explanation for her failure to timely move to amend; as explained above the purported "clarifications" (see *supra*) Plaintiff refers to are not factual in nature whatsoever, but concern only a shift in liability concocted from a settlement between herself and DAL.

Second, in light of the fact that the amendment is not based on new information revealed in discovery, the amendment is in no way justified based on its importance. Plaintiff's claim that the SAC "simplifies the claims by removing the settled party" (*see* Motion at ¶ 6) is disingenuous – the fact that Plaintiff has settled with DAL Global does not give her the right to completely wipe all allegations from the complaint. Indeed, deleting all references to DAL does nothing to bolster her claim or clarify allegations, it only serves to highlight some likely side agreement between DAL and Plaintiff in relation to their settlement. Indeed, deleting allegations, such as "had [DAL's] employee properly aligned the jetway bridge to the Frontier plane that Plaintiff disembarked, the subject accident may not have occurred" or the circumstances surrounding the responsibility of the ramp system between the jetway bridge and the plane (Dkt. No. 16 at ¶11) does nothing to show new facts in connection with the incident, or link Plaintiff's alleged injury to a new party or fault. Instead, the new allegations are hopelessly vague. *Cf.* Dkt. No. 16 (FAC) at ¶¶ 10-11 with Dkt. No. 32-1 (proposed SAC) at ¶¶ 9, 12.

Third, Plaintiff shouldn't be permitted to completely reinvent her case solely because she settled with one of the parties. This maneuver burdens the remaining defendants (Frontier Airlines,

6

Inc. ("Frontier") is ABM's co-defendant). Indeed, it would be exceedingly inefficient, if not problematic should the Court grant the amendment. DAL is an indispensable or a necessary party to this lawsuit. *See* FED. R. CIV. P. 19(a).[4] As Plaintiff alleges, DAL is the entity contracted to operate the jet bridges, and the alignment issue on the jet bridge contributed to her injury. *See* Dkt. No. 16 at 10-12. With respect to the jet bridge, Plaintiff has not (and cannot) point to any fact discovery as to liability aside from DAL.[5] Therefore, to allow the amendment would force the remaining defendants to bear the costs of third-party litigation/joinder of a necessary party, directed at DAL.

Further, a jury determining whom to hold liable for Plaintiff's alleged injuries surely needs to hear from all parties involved, or at the appropriate time be presented with Plaintiff's allegations as to DAL to make an informed decision as to liability as the fact finder. Accordingly, in the event DAL is erased from the pleading, it is possible that the remaining defendants will not be able to use an "empty chair" defense with respect to any purported liability.[6] This prejudice alone presents a sufficient basis for denying Plaintiff's motion. *See generally, S&W Enters., L.L.C.*, 315 F.3d at 536 (finding defendant suffered prejudice when the plaintiff's untimely amendment would require the defendant to conduct additional discovery).

---

[4] DAL is an essential party because "in [its] absence complete relief cannot be accorded among those already parties." FED. R. CIV. P. 19(a). The claims against ABM can hardly be adjudicated without the "substantial risk of incurring double, multiple, or otherwise inconsistent obligations" in the absence of DAL.

[5] As written discovery is now completed, ABM will be forced conduct additional written discovery as to DAL's portion of liability, if the proposed amendment is allowed.

[6] Indeed, it is curious as to why Plaintiff seeks to remove DAL from her pleading, especially since her FAC reduces the possibility that the remaining defendants will prevail on "empty chair" defenses.

Finally, it should be noted that a continuance would not cure the prejudice to the remaining defendants, because they would be forced to propound additional written discovery and engage in third party-practice likely at great expense and delay.

**B.      Plaintiff has not satisfied Rule 15 because her motion is brought in bad faith.**

The actual amendments to the proposed SAC are telling and illustrate what ABM believes to be bad faith. It is one thing to add new allegations or theories that otherwise could not have been known or discovered previously (not the case here); it is a wholly different situation to game the system by stripping out factual detail from the FAC that concerns DAL because Plaintiff has settled her claims with DAL. Such conduct should not be countenanced—let alone rewarded. Plaintiff's Motion should be denied. *See also supra* (discussing prejudice).

**C.      Federal Rule 41(a)(2) provides Plaintiff with the proper procedure to dismiss her claims against DAL.**

FED. R. CIV. P. 41(a)(2) provides the proper avenue for Plaintiff's attempted dismissal of DAL. "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). But Plaintiff's right is not absolute, "[…] Dismissal on motion under Rule 41(a)(2) is within the sound discretion of the court." *Id. Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir. 2002) ("The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.")

Undoubtably, as discussed (*supra*) the remaining defendants would lose a substantial right by the dismissal of DAL from this lawsuit by denying them a right to cross claim against DAL for contribution. Should Plaintiff be granted leave to amend the FAC and erase the allegation that DAL was responsible for operating the jet bridge and negligently attaching the jet bridge to the

aircraft, the remaining defendants could not assert a cross claim for contribution against DAL. The matter would be moot. Moreover, Plaintiff's counsel's attempt to erase DAL from the FAC is the definition of bad faith; doing so is done solely to further Plaintiff's ability to profit from a settlement in exchange for eliminating the party that acted negligently, which necessitated the settlement in the first instance. Thus, a voluntary dismissal as afforded under FED. R. CIV. P. 41(a)(2) would be prejudicial and would not be in harmony with the intent of the Rule.[7]

## CONCLUSION

For all these reasons, ABM respectfully requests the Court deny Plaintiff's Second Motion for Leave to file Amended Complaint, and further grant all other relief to which it may be justify entitled.

Respectfully submitted,

ROSE LAW GROUP PLLC

*/s/ Marc Michael Rose*
Marc Michael Rose
Fed. Id.: 2943701
State Bar No. 24098350
777 Main Street, Suite 600
Ft. Worth, Texas 77024
Telephone: (817) 887-8118
Facsimile: (817) 887-8001
E-mail: marc@roselg.com
**COUNSEL FOR DEFENDANT
ABM AVIATION, INC.**

---

[7] Although she does not cite the applicable FED. R. CIV. P. 41, Plaintiff filed a motion to dismiss with prejudice as to DAL. *See* Dkt. No. 33. Leave of court – not scrubbing a pleading of liability – is the proper procedure for dismissing her claims against DAL. It should be noted that for the very reasons cited here, ABM also opposes Plaintiff's motion to dismiss her claims against DAL.

**CERTIFICATE OF SERVICE**

   This is to certify that on January 12, 2022, a true and correct copy of the foregoing document was served by e-mail on:

*Via E-mail:kevin@forsberglaw.com*
Kevin A. Forsberg
THE FORSBERG LAW FIRM, P.C.
15899 Hwy 105 West
Montgomery, Texas 77356
Telephone: (936) 588-6226
Facsimile: (936) 588-6229
E-mail: kevin@forsberglaw.net
**COUNSEL FOR PLAINTIFF**

*Via E-mail: pcomerford@rigbyslck.com*
Patrick J. Comerford
Rigby Slack Lawrence Berger Akinc Pepper & Comerford
3500 Jefferson Street, Ste. 330
Austin, Texas 78731
Telephone: (512) 782-2054
E-mail: pcomerford@rigbyslck.com
**COUNSEL FOR DEFENDANT FRONTIER AIRLINES, INC.**

*Via E-mail: aschackel@brownsims.com*
Allison Z. Schackel
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: (713) 629-1580
E-mail: aschackel@brownsims.com
**COUNSEL FOR DEFENDANT DAL GLOBAL SERVICES LLC**

             */s/ Marc Michael Rose*
             Marc Michael Rose