UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORIE DUFF | § | |
|     Plaintiff, | § | |
| | § | Case No. 4:20-CV-03430 |
| v. | § | |
| | § | |
| FRONTIER AIRLINES, INC. AND | § | |
| ABM AVIATION, INC. | § | JURY DEMANDED |
|     Defendants. | § | |

### DAL GLOBAL SERVICES, INC.'s REPLY TO D.E.37

To the Honorable United States District Court Judge:

DAL Global Services, Inc. ("DAL Global") files this Reply to D.E. 37. In support of this Reply, DAL Global shows the Court as follows:

**I.   REPLY ARGUMENTS**

ABM Aviation, Inc.'s ("ABM Aviation") provides no arguments or authority in D.E. 37 as to why Plaintiff's claims against DAL Global should not be dismissed. ABM Aviation's Response (D.E.37) to Plaintiff Lorie Duff's ("Plaintiff") Motion for Leave to File her Second Amended Complaint (D.E. 32) makes only a passing reference to the objection to Plaintiff's Motion to Dismiss DAL Global (D.E. 33).[1]

Despite ABM Aviation's assertions, D.E. 32 and D.E. 33 are separate and distinct motions pending with the Court with separate and distinct applicable standards. Federal Rule of Civil Procedure 41(a)(2) allows for a plaintiff to seek a voluntary dismissal of their claims by Court Order on terms that the Court considers proper.[2] D.E. 33 meets the applicable standard for

---

[1] D.E. 37 fn. 7.
[2] FED. R. CIV. P. 41(A)(2).

dismissal of Plaintiff's claims against DAL Global.³ ABM Aviation has provided no authority or arguments as to why D.E. 33 should not be granted. ABM Aviation never denied that D.E. 33 failed to provide proper grounds for dismissal.⁴ Plaintiff is entitled to dismiss claims which have been resolve and DAL Global is entitled to be dismissed from litigation where no unresolved claims remain between Plaintiff and DAL.

Also, public policy promotes the resolution of disputes and encourages parties to settle their claims without the need for judicial intervention.⁵ Plaintiff and DAL Global did just that. To prevent Plaintiff from dismissing her claims against DAL Global would hinder public policy and discourage the compromise and resolution the Court seeks to encourage.

Finally, ABM Aviation provides no argument that a dismissal of Plaintiff's claims against DAL Global are improper.⁶ Plaintiff and DAL Global have resolved all disputes and Plaintiff has no remaining pending claims. There is no reasonable premise by which DAL Global should be forced to continue to defend against claims by Plaintiff which have already been satisfied. For these reasons, the Court should grant D.E. 31, the dismissal with prejudice of Plaintiff's claims against DAL.

## II.     REQUEST FOR ATTORNEY'S FEES

Federal Rule of Civil Procedure 11(b)(1) states that a pleading, written motion, or other paper filed with the Court should "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."⁷ ABM Aviation's passing

---

³ *See* FED. R. CIV. P. 41(A)(2).
⁴ *See* D.E. 37.
⁵ *See Newby v. Enron Corp. (In re Enron Corp. Sec)*, No. MDL-1446, 2008 U.S. Dist. LEXIS 48516, at *61 (S.D. Tex. 2008).
⁶ D.E. 37.
⁷ FED. R. CIV. P. 11(b)(1).

objection to D.E. 31 has forced DAL Global to incur additional costs associated by protracting the need for its involvement in a case which all of Plaintiff's claims have been addressed. ABM Aviation's Response (D.E.37) serves only to cause unnecessary delay and needlessly increase the DAL Global's cost of litigation. DAL Global requests that ABM Aviation be required to pay the attorney's fees associated with the necessity in filing this Reply, as well as any costs associated with its continued involvement in this litigation until the time that this Court dismisses DAL Global from the present litigation.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, ABM Aviation, Inc.'s Response to Plaintiff's Motion for Leave to File Second Amended Complaint (D.E. 37) fails to establish why Plaintiff's Motion to Dismiss (D.E. 33) should not be granted. DAL Global prays that the Court grant Plaintiff's Motion to Dismiss (D.E. 33) and dismiss Plaintiff's claims against DAL Global Services, LLC and for all further relief to which it may show itself entitled in law or in equity.

Respectfully submitted,

BROWN SIMS, P.C.

_____
Robert M. Browning
Texas Bar No. 00796264
Fed. ID No. 21097
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel:  (713) 629-1580
Fax:  (713) 629-5027
rbrowning@brownsims.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT DAL GLOBAL SERVICES, LLC**

**OF COUNSEL:**

Allison Z. Schackel
Texas Bar No. 2408877
Fed. ID. No. 2561425
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel: (713) 629-1580
Fax: (713) 629-5027
aschackel@brownsims.com

**ATTORNEY FOR DEFENDANT
DAL GLOBAL SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing. Service on any party or counsel who is not a Filing User was accomplished via Email, Facsimile, Certified Mail/RRR, or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on this the 19th day of January, 2022.

Robert M. Browning