UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORIE DUFF § | | |
| Plaintiff, § | | |
| § | Case No. 4:20-CV-03430 | |
| v. § | | |
| § | | |
| FRONTIER AIRLINES, INC. AND § | | |
| ABM AVIATION, INC. § | JURY DEMANDED | |
| Defendants. § | | |

## DAL GLOBAL SERVICES, INC.'s AMENDED MOTION TO DISMISS D.E. 31

To the Honorable United States District Court Judge:

DAL Global Services, Inc. ("DAL Global") respectfully moves to dismiss D.E. 31 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the Cross-Claims against UNIFI/DAL Global Services, LLC fail to state viable claims under Texas law. In support of this contention, DAL Global shows the Court as follows:

### I.  SUMMARY OF THE ARGUMENT

1. Immediately after DAL Global settled the claims brought against it by Plaintiff Lorie Duff, Frontier Airlines, Inc. and ABM Aviation, Inc. ("Frontier," "ABM Aviation," and collectively "Cross-Plaintiffs") filed four purported cross-claims against DAL Global. Leave of court after the April 2, 2021 pleadings deadline was not requested. D.E. 30. (Though an Amended Scheduling Order was entered on December 15, 2021, the pleadings deadline was not extended. Instead, the parties merely stated "N/A," documenting said deadline was not extended  On this ground alone, D.E. 31 should be struck).

2. As to the cross-claims asserted in D.E.31, the rules are clear. To maintain a claim, Cross-Plaintiffs must provide fair notice of the claim, including the elements of the claim alleged,

and enough specificity of the factual allegations to be more than just conclusory. None of the Cross-Plaintiffs' cross-claims identify the necessary elements to establish any cause of action, and each claim fails to identify the evidentiary basis by which Cross-Plaintiffs are entitled to any relief. As Cross-Plaintiffs fail to state any claim upon which relief can be granted, their cross-claims should be dismissed.

## II.   FACTUAL BACKGROUND

3.    Plaintiff Lorie Duff ("Plaintiff") asserted negligence claims against DAL Global, Frontier, and ABM Aviation which resulted in her alleged injuries. D.E. 16. The underlying incident occurred on March 5, 2020 as Plaintiff was transported off a Frontier flight by ABM Aviation.

4.    Furthering the well-known public policy of resolving litigation early and without further Court intervention, Plaintiff resolved her claims with DAL Global.

5.    Plaintiff then filed a Motion for Leave to File her Second Amended Complaint (filed with the Court on December 15, 2021). D.E. 32.  In the alternative, Plaintiff filed her Motion to Dismiss with Prejudice any and all claims against DAL Global related to incident on March 5, 2020. D.E. 33.

6.    Upon learning of the settlement between Plaintiff and DAL Global, Cross-Plaintiffs filed their Cross-Claims against DAL Global without seeking leave of the Court. D.E. 31.  This was after the April 2, 2021 pleadings deadline. D.E.10 states the pleadings deadline was April 2, 2021.  This deadline was not extended by the Amended Scheduling Order. D.E. 30 (stating that the pleadings deadline was "N/A").  Despite that, Cross-Plaintiffs did not request leave of court. Therefore, D.E. 31 is untimely and should be struck.

7.      Though extremely difficult to understand, it appears as if the knowledge for the basis of all purported cross-claims would have existed prior to April 2, 2021. Therefore, there is no excuse for the failure to timely plead them – other than to punish DAL Global for advancing the public policy of promptly resolving disputes. Had a cross-claim been pending at the time of settlement, DAL Global could not have resolved the Plaintiff's claim at that time or for the settlement amount.

### III.     STANDARD FOR DISMISSAL UNDER RULE 12(B)(6)

8.      Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint which fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, [that] 'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twonbly*, 550 U.S. 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Legal conclusions are not entitled to the assumption of truth. *See id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

9.      In line with the Supreme Court's holding in *Iqbal*, district courts should follow a two-step approach when tasked with determining the sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss. The court must first identify conclusory allegations in the complaint and proceed to disregard them, as they are "not entitled to the assumption of truth." *Id.* at 680. The court should then consider the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

10. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonabl0e inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint in which "the well-pleaded facts do not permit the court to infer the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted). A court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *See R2 Invs. LDC v. Phillips*, 401 F.3d 638, 641 (5th Cir. 2005) (citing *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).

### IV.    ARGUMENTS

11. Cross-Plaintiffs allege that they have four cross-claims against DAL Global. D.E. 31. These cross-claims not only fail to meet the fair notice and plausibility requirements (including lacking any factual specificity), but they are also untimely.

A.    <u>D.E. 31 Is Untimely and Should Be Struck</u>

12. As a threshold matter, Cross-Plaintiffs' Cross-Claims were filed well after the April 2, 2021 pleadings deadline found in the Court's January 8, 2021 Scheduling Order. *See* D.E. 31; *see also* D.E. 10 and D.E. 30. D.E. 10 states the pleadings deadline was April 2, 2021. This deadline was not extended by the Amended Scheduling Order. D.E. 30 (stating that the pleadings deadline was "N/A"). Federal Rule of Civil Procedure 16(b)(4) states that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause is evaluated by considering: (1) the explanation for not timely moving to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of

continuance to cure the prejudice. *See Filgueira v. U.S. Bank*, 734 F.3d 420, 422 (5th Cir. 2013). Not only is there no good cause for filing their cross-claims after the Scheduling Order's pleadings deadline passed, but Cross-Plaintiffs never sought leave of Court prior to filing. Given the nature of the cross-claims, Cross-Plaintiffs surely knew of their intended claims well before the pleadings deadline passed and have offered no reason for their failure to timely and properly assert them. Instead, D.E. 31 was only filed after DAL Global settled the claims asserted by Plaintiff. This serves to punish DAL Global for advancing the public policy of resolving claims early. Had these cross-claims been asserted earlier, DAL Global would never have been able to resolve the claims at that time. Therefore, Cross-Plaintiffs' failure to adhere to the Rules should be sufficient grounds for dismissal.

B. <u>The Cross-Claims Should Be Dismissed for Failing to Satisfy FRCP 8(a)(2)</u>

13. Cross-Plaintiffs are unable to satisfy Federal Rule of Civil Procedure 8(a)(2)'s requirement that a claimant provide fair notice of their claim by providing a short and plain statement how they are entitled to relief. Fed. R. Civ. P. (8)(a); *see also Twombly*, 550 U.S. at 655. To comply with the fair notice standard and withstand dismissal, the complaint must identify allegations related to the elements of each claim asserted. *See Ashcroft v. Iqbal,* 556 U.S. at 678; *see Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.2011). Rule 8 does not empower [the claimant] to plead the bare elements of his cause of action, affix the label "general allegation," and expect his complaint to survive a motion to dismiss." *Iqbal,* 556 U.S. at 687.

C. <u>Cross-Claim One</u>

14. As to the first alleged cross-claim, Cross-Plaintiffs fail to state a valid claim against DAL Global. D.E. 31, p. 1. The sole paragraph constituting the first "cross-claim" fails to identify the elements of any cause of action against DAL Global necessary or the minimum factual

allegations necessary to establish any element of any cause of action. D.E. 31, p. 1. The statements contained the first "cross claim" are entirely devoid of the required specificity needed to proceed. Therefore, Cross-Plaintiffs' first cross-claim wholly fails to state a claim for relief which can be granted and should be dismissed.

D.   Cross-Claim Two

15.   The second cross-claim is identified as contractual and/or common law indemnification to be secured *after trial*. D.E. 31, p. 2 (emphasis added). This claim should be dismissed for several reasons.

16.   As to the claim for common law indemnification, it is not a recognized cause of action in Texas. *B&B Auto Supply, Sand Pit, and Trucking Co. v. Central Freight Lines, Inc.,* 603 S.W.2d 814 (Tex. 1980).   This "cross-claim" should be dismissed for failing to meet the requirements of fair notice and plausibility required by the rules.

17.   As to the contractual indemnity claim, no contract is identified (nor are any allegedly breached terms discussed) between DAL Global and ABM Aviation or Frontier.  There is no statement how any unstated contract and undisclosed purportedly relevant contractual terms were breached and caused any damages.

18.   Further, under Texas law, the right to any contractual indemnification does not accrue until "all of the indemnitee's liabilities become fixed and certain." *Ingersoll-Rand Co. v. Valero Energy Corp.,* 997 S.W.2d 203, 210 (Tex. 1999). Thus any alleged future indemnity obligation breach has not yet even accrued.  Therefore, any contractual indemnity claim which may allegedly exist is not ripe as it has not accrued.  Therefore, no claim under FRCP 12(b)(6) can be asserted. (Upon information and belief, it is DAL Global's understanding from Frontier that

Frontier has been provided a defense by ABM Aviation and (future indemnity obligations have been addressed) and, thus, Frontier is without any damages again).

19. Therefore, Cross-Plaintiffs' cross-claim is not ripe as it is premised on a recovery by Plaintiff which cannot occur until after a settlement or trial. Neither Frontier nor ABM Aviation have settled the case and trial is still many months away. Therefore, Cross-Plaintiffs' second cross-claim fails to state a claim for relief which can be granted and should be dismissed.

E.   <u>Cross-Claim Three</u>

20. Cross-claim three again complains that Cross-Plaintiffs are entitled to indemnification. D.E. 31, p. 2. Contrary to the requirements of fair notice and plausibility, Cross-Plaintiffs again fail to specify the actual cause of action they assert and offer no factual allegations to support the existence of a contract, breached terms, damage, and that the claim is ripe for adjudication.

F.   <u>Fourth Cross-Claim</u>

21. For their fourth cross-claim, Cross-Plaintiffs again, fail to state any elements of a cause of action for which they would be entitled damages. Cross-Plaintiffs assert a claim against DAL Global for contribution "due to breach of contract/lease, or breach of warranty." D.E. 31, p. 2. Cross-Plaintiffs fail to identify any contract, lease, or written warranty and associated terms upon which Cross-Plaintiffs base these allegations. Cross-Plaintiffs further fail to show how any contract, lease, and/or warranty was breached. Further, this cross-claim appears to be merely a regurgitation of the second cross-claim, the analysis of which is already been addressed. Therefore, Cross-Plaintiffs' fourth cross-claim wholly fails to state a claim for relief which can be granted and should thus be dismissed.

## V.     CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Cross-Plaintiffs' Cross-Claims Against UNIFI/DAL Global Services, LLC (D.E.31) is untimely and fails to state any valid claims on which relief could be granted. DAL Global prays that the Court grant this Motion and dismiss Cross-Plaintiffs' Cross-Claims Against UNIFI/DAL Global Services, LLC and for all further relief to which it may show itself entitled in law or in equity.

Respectfully submitted,

**BROWN SIMS, P.C.**

_____
Robert M. Browning
Texas Bar No. 00796264
Fed. ID No. 21097
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel:  (713) 629-1580
Fax:  (713) 629-5027
rbrowning@brownsims.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT DAL GLOBAL SERVICES, LLC**

**OF COUNSEL:**

Allison Z. Schackel
Texas Bar No. 2408877
Fed. ID. No. 2561425
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel: (713) 629-1580
Fax: (713) 629-5027
aschackel@brownsims.com

**ATTORNEY FOR DEFENDANT
DAL GLOBAL SERVICES, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing. Service on any party or counsel who is not a Filing User was accomplished via Email, Facsimile, Certified Mail/RRR, or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on this the 27th day of January, 2022.

_____
Robert M. Browning