IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORIE DUFF | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:20-cv-03430 |
| | § | |
| FRONTIER AIRLINES, INC., et al. | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT, ABM AVIATION, INC.'S AMENDED REQUEST TO WITHDRAW DOCKET NO. 31 AND ALLOW MOTION FOR LEAVE TO AMEND ITS ANSWER TO INCLUDE CROSS-CLAIMS AGAINST DEFENDANT DAL GLOBAL SERVICES, INC.**

**TO THE HONORABLE JUDGE OF THE COURT:**

**COMES NOW,** Defendant ABM Aviation, Inc. ("ABM" or "Defendant") requesting leave to file to File an Amended Answer asserting Cross-Claims against Defendant DAL Global Services, Inc. ("DAL").

**INTRODUCTION**

1. This is a personal injury action in which Plaintiff seeks recovery for alleged bodily injuries purportedly sustained on or about March 5, 2020, while deplaning an aircraft at George Bush Intercontinental Airport in Houston, Texas.

2. Plaintiff claims to have suffered injury while being transported by wheelchair from a Frontier flight by staff employed by ABM onto a jetway operated and controlled by DAL.

3. Under the current Scheduling Order (Doc. No. 30) issued December 6, 2021, the deadline to file amendments to pleadings has expired.

4. On or about December 15, 2021, Plaintiff resolved her claims against Defendant DAL. Plaintiff settled her claims against Frontier on or about December 29, 2021. ABM remains the sole Defendant.

5.     On December 15, 2021, ABM filed a Cross-claims against DAL (Doc. No. 31) without leave of this Court and now requests to withdraw such and refile with permission to do so.

## **ARGUMENT**

6.     ABM will be prejudiced at trial if it is unable to assert its cross-claims against DAL. With cross-claims asserted, ABM has a right to conduct discovery, and when appropriate, inform the jury of Plaintiff's allegations that DAL may have negligently failed to operate the jet bridge and align it with the aircraft as so required, causing the alleged incident which is the subject of this lawsuit.

7.     Without those cross-claims, ABM's ability to reallocate liability with the responsible tortfeasor as alleged in Plaintiff's complaint are prejudiced. This was not an issue while DAL was a party to the lawsuit, but Plaintiff's unexpected settlement with DAL changed that status.

8.     Pursuant to Fed. R. Civ. P. 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." Upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Fed. R. Civ. P. 15(a) apply to the district court's decision to grant or deny leave. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

9.     The Fifth Circuit identified four factors relevant to determining whether good cause exists: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id*. The Fifth Circuit has observed that good cause requirement for a modification of a scheduling order deadline requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."

*Id.*(quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1 (2d. ed. 1990)).

10. Here, the unexpected settlement by Plaintiff with DAL removed a necessary party from the lawsuit prior to trial and before even Plaintiff's deposition was scheduled to be taken. This settlement took place days after the new Scheduling Order was entered by this Court; the dates which were proposed by agreement of all the parties before submission to the Court for consideration. Had ABM known that Plaintiff and DAL were in settlement discussions, then the proposed Scheduling Order would have addressed the need for extending the deadline to amend pleadings in anticipation of the settlement and dismissal of DAL from the lawsuit.

11. Moreover, this amendment to allow for a cross-claims against DAL is important because a jury determining whom to hold liable for Plaintiff's alleged injuries surely needs to hear from all parties involved, or at the appropriate time be presented with Plaintiff's allegations as to DAL to make an informed decision as to liability as the fact finder. Accordingly, in the event ABM cannot assert cross-claims against DAL, it is possible that ABM will not be able to use an "empty chair" defense with respect to any purported liability.

12. Given the Fifth Circuit's four factors for determining "good cause," ABM has met the requirement of the party seeking leave to amend to show "good cause" for the failure to meet the district court's deadline. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, *NA*, 315 F.3d 533, 536 (5th Cir. 2003). Without the relief sought, ABM's ability to hold DAL responsible for their negligence in causing Plaintiff's injuries is lost.

13. Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

14. A copy of the proposed pleading is attached hereto as Exhibit "A".

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, ABM Aviation, Inc. requests that the Court withdraw Doc. No. 31 and grant this Motion for Leave to Amend its Answer and for such other relief at law or equity to which ABM may be entitled.

Respectfully submitted,

ROSE LAW GROUP PLLC

/s/ Marc Michael Rose
Marc Michael Rose
Fed. Id.: 2943701
State Bar No. 24098350
777 Main Street, Suite 600
Ft. Worth, Texas 77024
Telephone: (817) 887-8118
Facsimile: (817) 887-8001
E-mail: marc@roselg.com
**COUNSEL FOR DEFENDANT
ABM AVIATION, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on February 2, 2022, a true and correct copy of the foregoing document was served by e-mail on:

*Via E-mail:kevin@forsberglaw.com*
Kevin A. Forsberg
THE FORSBERG LAW FIRM, P.C.
15899 Hwy 105 West
Montgomery, Texas 77356
Telephone: (936) 588-6226
Facsimile: (936) 588-6229
E-mail: kevin@forsberglaw.net
**COUNSEL FOR PLAINTIFF**

*Via E-mail: pcomerford@rigbyslck.com*
Patrick J. Comerford
Rigby Slack Lawrence Berger Akinc Pepper & Comerford
3500 Jefferson Street, Ste. 330
Austin, Texas 78731
Telephone: (512) 782-2054
E-mail: pcomerford@rigbyslck.com
**COUNSEL FOR DEFENDANT FRONTIER AIRLINES, INC.**

*Via E-mail: aschackel@brownsims.com*
Allison Z. Schackel
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: (713) 629-1580
E-mail: aschackel@brownsims.com
**COUNSEL FOR DEFENDANT DAL GLOBAL SERVICES LLC**

/s/ Marc Michael Rose
Marc Michael Rose