IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORIE DUFF | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 4:20-CV-03430 |
| FRONTIER AIRLINES, INC., et al. | § | |
| *Defendants.* | § | |

**DAL GLOBAL SERVICES, INC.'S
RESPONSE TO D.E.44**

Defendant, DAL Global Services, Inc. ("DAL Global"), by and through its undersigned attorneys, files its Response to Cross-Plaintiff ABM Aviation, Inc.'s Amended Request to Withdraw Docket No. 31 and Allow Motion for Leave to Amend Its Answer to Include Cross-Claims Against Defendant DAL Global Services, Inc. (D.E. 44) In support hereof, DAL Global states as follows:

**I.
SUMMARY OF THE ARGUMENT**

ABM Aviation, Inc.'s ("ABM Aviation") motion should be denied as it makes no effort to explain the undue delay, bad faith, undue prejudice, or address the futility of ABM Aviation's claims against DAL Global.

ABM Aviation failed to timely assert cross-claims against DAL Global prior to the pleadings deadline on April 2, 2021, and again when it agreed to an Amended Scheduling Order on December 15, 2021 without mention of any potential claims. (D.E. 10 and D.E. 30). ABM Aviation in the filing of its proposed Amended Answer and Cross-Claims over 19 months after

1

first making an appearance in this litigation (D.E.1). and long after the April 2, 2021 deadline to amend all pleadings. (D.E. 10).

ABM Aviation's cross- claims are futile. In order to maintain its cross-claims against DAL Global, ABM Aviation must provide fair notice of the claim, including the elements of the claim alleged, and enough specificity of the factual allegations to be more than just conclusory. None of the ABM Aviation's cross-claims identify the necessary elements to establish any cause of action, and each claim fails to identify the evidentiary basis by which it is entitled to any relief. As ABM Aviation's fail to state any claim upon which relief can be granted, their cross-claims should be dismissed. (D.E. 41).

D.E. 44 is further filed in bad faith. ABM Aviation has no viable cross-claims and is only seeking to subvert public policy by penalizing DAL Global for settling Plaintiff's claims.

Finally, permitting the filing of the new complaint prejudices DAL Global. DAL Global settled its claims with Plaintiff. Had a cross-claim been pending at the time of settlement, DAL Global could not have resolved the Plaintiff's claim at that time or for the settlement amount. Forcing DAL Global to remain in this litigation only serves to punish DAL Global for promptly resolving its dispute with Plaintiff.

ABM Aviation's claims against DAL Global would be better addressed in a potential designation of DAL Global as a responsible third party to this litigation. An option which is readily available to ABM Aviation and does not prejudice DAL Global or undermine the advancement of public policy to resolve disputes promptly.

## II.
## STATEMENT OF FACTS

Plaintiff Lorie Duff ("Plaintiff") asserted negligence claims against DAL Global, Frontier Airlines, Inc, ("Frontier Airlines"), and ABM Aviation which resulted in her alleged injuries. (D.E. 16). The underlying incident occurred on March 5, 2020 as Plaintiff was transported off a Frontier flight by ABM Aviation.

Furthering the well-known public policy of resolving litigation early and without further Court intervention, Plaintiff resolved her claims with DAL Global and Frontier Airlines. (D.E. 33 and D.E. 44, p. 1).

Plaintiff then filed a Motion for Leave to File her Second Amended Complaint (filed with the Court on December 15, 2021). (D.E. 32). In the alternative, Plaintiff filed her Motion to Dismiss with Prejudice any and all claims against DAL Global related to incident on March 5, 2020. (D.E. 33).

Only upon learning of the settlement between Plaintiff and DAL Global, ABM Aviation filed its Cross-Claims against DAL Global without seeking leave of the Court. (D.E. 31) (At the time D.E. 31 was filed, it was filed jointly by ABM Global and Frontier Airlines, Inc. Frontier Airlines, Inc. has since settled its claims with Plaintiff and is not listed in D.E. 44 seeking leave to file Cross-Claims). This was after the April 2, 2021 pleadings deadline. D.E.10 states the pleadings deadline was April 2, 2021. This deadline was not extended by the Amended Scheduling Order. (D.E. 30) (stating that the pleadings deadline was "N/A").

On February 1, 2022, ABM Aviation requested the Court withdraw its Cross-Claims for which no leave was sought and refiled requesting leave. (D.E. 44). The requests in D.E. 44 remain untimely under the Amended Scheduling Order and should be denied.

Furthermore, the Cross-Claims asserted in D.E. 44-1 lack specificity and fail to state claims for which relief can be granted. (*See* D.E. 41).  Fair notice requires a complainant to include the elements of the claim alleged, and enough specificity of the factual allegations to be more than just conclusory.  ABM Aviation's cross-claims do neither.  Should ABM Aviation which to retain DAL Global in this litigation, it should seek leave to designate DAL Global as a responsible third party to allow the Court determines the requirements for such a designation are satisfied.

### III.
### LEGAL AUTHORITIES

Under Rule 15(a), courts freely grant leave to amend when justice so requires.  *See* FED. R. CIV. P. 15(a)(2) (stating a court should freely grant leave to amend); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding leave to amend should be freely granted absent a showing of undue delay, bad faith, undue prejudice, or futility).  "Whether leave to amend should be granted is entrusted to the sound discretion of the district court."  *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998).  A court should consider factors such as: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) the futility of the amendment.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).  Absent one of those factors, the Court should grant leave to amend.  *Smith*, 393 F.3d at 595.

Almost ten months after the deadline expired on April 2, 2021 (D.E. 10) and almost 19 months after ABM Aviation first appeared in this case on August 31, 2020 (D.E. 1), ABM Aviation seeks to amend its Answer to assert four cross-claims which fail to meet the fair notice and plausibility requirements.  DAL Global contends the motion for leave should be denied because ABM Aviation acted with undue delay, the amendment is futile, bad faith exists, and DAL Global would be prejudiced by the filing of the proposed Amended Answer and Cross-Claims.

A. <u>Undue Delay</u>

"Liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time." *Matter of Southmark Corp.*, 88 F.3d 311, 315-16 (5th Cir. 1996). "The law is clear that a trial court may deny leave to amend where 'the facts underlying the amended complaint were known to the party when the original complaint was filed.'" *Lackey v. SDT Waste & Debris Servs., LLC*, Civ. Act No. 11-1087, 2014 WL 2861819, at *2 (E.D. La. 2014) (waiting 33 months to file an amended complaint based upon evidence available when the initial complaint was filed constituted undue delay), citing *Matter of Southmark Corp.*, 88 F.3d at 316; *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) (affirming the denial of leave to amend where "factual underpinnings" of proposed amendment were previously known to the plaintiffs); *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming denial of leave to amend where "there … appear[ed] to be no matter that [the plaintiff] proposed to add which could have not have been raised initially."); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (affirming denial of leave to amend where plaintiff's counsel admitted "that all of the facts relevant to the proposed amendment were known to [her] at the time she filed her original complaint.").

Accordingly, the Fifth Circuit permits a trial court to consider (1) an "unexplained delay" following an original complaint; and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed. *Matter of Southmark Corp.*, 88 F.3d at 316. The timeline outlined in this section demonstrates that both elements are satisfied here.

ABM Aviation's Original Answer was filed on August 31, 2020. (D.E. 1). D.E.10 states the pleadings deadline was April 2, 2021. This deadline was not extended by the Amended Scheduling Order. (D.E. 30) (stating that the pleadings deadline was "N/A"). At no point between

initially appearing in this case and after the entry of D.E. 30 did ABM Aviation assert any cross-claims or establish an evidence to supports its purported cross-claims. Given the nature of the cross-claims, ABM Aviation surely knew of its intended claims well before the pleadings deadline passed and have offered no reason for their failure to timely and properly assert them. Instead, D.E. 31 was only filed after DAL Global settled the claims asserted by Plaintiff. Allowing these cross-claims to proceed serves to punish DAL Global for advancing the public policy of resolving claims early. *See FTC v. Actavis, Inc.,* 570 U.S. 136, 146 (2013). Had these cross-claims been asserted earlier, DAL Global would never have been able to resolve the claims at that time. Therefore, failure to adhere to the Rules should be sufficient grounds for deny ABM Aviation's motion.

Not until DAL Global resolved its claims with Plaintiff did ABM Aviation manufacture alleged cross-claims to thwart DAL Global's conclusion in this litigation. The bottom line is that ABM Aviation's cross-claims are based on information which would have been known to it long before Plaintiff resolved its claims against DAL Global and even long before the expiration of the pleadings deadline on April 2, 2021. ABM Aviation cannot articulate any reason, let alone one establishing good cause for the excessive delay in asserting these new claims.

These facts demonstrate (1) an "unexplained delay" in asserting the new damage claim following the filing of the original answer; (2) that the facts underlying the amended answer and alleged cross-claims were known to ABM Aviation when the original answer was filed; and (3) that the facts underlying the amended answer and alleged cross-claims were known to ABM Aviation at least prior to the filing of the Agreed Scheduling Order (D.E. 31). *Matter of Southmark Corp.*, 88 F.3d at 316; *Lackey*, 2014 WL 2861819, at *2. ABM Aviation's motion offers no reason for its delay in filing its alleged cross-claims. (D.E. 44). ABM Aviation's cross-claims are based

6

on allegations which were surely known of well before the pleadings deadline passed and have offered no reason for their failure to timely and properly assert them. Therefore, ABM Aviation acted with undue delay in filing its Motion for Leave.

The Fifth Circuit has addressed this issue. In *Southmark*, a party sought leave to add facts and a cause of action which it was aware of for 13 months since its original complaint was filed. No trial date had been set nor had a motion for summary judgment been filed. Leave of court was denied because Southmark, like ABM Aviation, offered no reasonable explanation for its delay. *Matter of Southmark Corp.*, 88 F.3d at 315-16. Other courts in the Fifth Circuit have reached similar findings. *See Lackey*, 2014 WL 2861819, at *2 citing *Matter of Southmark Corp.*, 88 F.3d at 316; *Lozano*, 489 F.3d at 644; *Barrett*, 625 F.2d at 75; *Layfield*, 607 F.2d at 1099.

These facts demonstrate undue delay. Since ABM Aviation failed to explain its 19 month delay in filing its vague, but readily identifiable cross-claims, DAL Global requests this Court deny the Motion for Leave.

B. The Amendment is Futile

Generally, a claim is "futile" if the amended pleading would fail to state a claim upon which relief could be granted. *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996); *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1041–42 (11th Cir. 1986). To determine futility, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane*, 213 F.3d at 115; *Gen. Elec. Capital Corp.*, 128 F.3d at 1085; *Glassman*, 90 F.3d at 623. The proposed Amended Answer and Cross-Claims does not satisfy this standard.

1. *The Cross-Claims Should Be Dismissed for Failing to Satisfy FRCP 8(a)(2)*

7

13. ABM Aviation is unable to satisfy Federal Rule of Civil Procedure 8(a)(2)'s requirement that a claimant provide fair notice of their claim by providing a short and plain statement how they are entitled to relief. FED. R. CIV. P. (8)(a); *see also Twombly*, 550 U.S. at 655. To comply with the fair notice standard and withstand dismissal, the complaint must identify allegations related to the elements of each claim asserted. *See Ashcroft v. Iqbal,* 556 U.S. at 678; *see Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.2011). Rule 8 does not empower [the claimant] to plead the bare elements of his cause of action, affix the label "general allegation," and expect his complaint to survive a motion to dismiss." *Iqbal,* 556 U.S. at 687.

   2. *Cross-Claim One*

14. As to the first alleged cross-claim, ABM Aviation fails to state a valid claim against DAL Global. (D.E. 31, p. 1.) The sole paragraph constituting the first "cross-claim" fails to identify the elements of any cause of action against DAL Global necessary or the minimum factual allegations necessary to establish any element of any cause of action. (D.E. 44-1, p. 1). The statements contained the first "cross claim" are entirely devoid of the required specificity needed to proceed. Therefore, ABM Aviation's first cross-claim wholly fails to state a claim for relief which can be granted and should be dismissed.

   3. *Cross-Claim Two*

15. The second cross-claim is identified as contractual and/or common law indemnification to be secured ***after trial***. (D.E. 44-1, p. 2 ) (emphasis added). This claim should be dismissed for several reasons.

16. As to the claim for common law indemnification, it is not a recognized cause of action in Texas. *B&B Auto Supply, Sand Pit, and Trucking Co. v. Central Freight Lines, Inc.,* 603

S.W.2d 814 (Tex. 1980). This "cross-claim" should be dismissed for failing to meet the requirements of fair notice and plausibility required by the rules.

17. As to the contractual indemnity claim, no contract is identified (nor are any allegedly breached terms discussed) between DAL Global and ABM Aviation. There is no statement how any unstated contract and undisclosed purportedly relevant contractual terms were breached and caused any damages.

18. Further, under Texas law, the right to any contractual indemnification does not accrue until "all of the indemnitee's liabilities become fixed and certain." *Ingersoll-Rand Co. v. Valero Energy Corp.,* 997 S.W.2d 203, 210 (Tex. 1999). Thus any alleged future indemnity obligation breach has not yet even accrued. Therefore, any contractual indemnity claim which may allegedly exist is not ripe as it has not accrued. Therefore, no claim under FRCP 12(b)(6) can be asserted.

19. Therefore, ABM Aviation's cross-claim is not ripe as it is premised on a recovery by Plaintiff which cannot occur until after a settlement or trial. ABM Aviation has not settled the case and trial is still many months away. Therefore, ABM Aviation's second cross-claim fails to state a claim for relief which can be granted and should be dismissed.

    4. *Cross-Claim Three*

20. Cross-claim three again complains that ABM Aviation is entitled to indemnification. (D.E. 44-1, p. 2). Contrary to the requirements of fair notice and plausibility, Cross-Plaintiffs again fail to specify the actual cause of action they assert and offer no factual allegations to support the existence of a contract, breached terms, damage, and that the claim is ripe for adjudication. The simple explanation why is because no such contract and not indemnity agreement exists between DAL Global and ABM Aviation.

### 5. Fourth Cross-Claim

21. For its fourth cross-claim, ABM Aviation again, fails to state any elements of a cause of action for which they would be entitled damages. ABM Aviation asserts a claim against DAL Global for contribution "due to breach of contract/lease, or breach of warranty." (D.E. 44-1 p. 2). ABM Aviation fails to identify any contract, lease, or written warranty and associated terms upon which ABM Aviation bases these allegations. ABM Aviation further fails to show how any contract, lease, and/or warranty was breached. Further, this cross-claim appears to be merely a regurgitation of the second cross-claim, the analysis of which is already been addressed. Therefore, ABM Aviation's fourth cross-claim wholly fails to state a claim for relief which can be granted and should thus be dismissed.

For these reasons, ABM Aviation's cross-claims are defective and futile. Therefore, DAL Global requests that D.E. 44 be denied.

C. <u>Bad Faith Exists</u>

ABM Aviation's tardy filing of D.E. 44 is done so in bad faith. ABM Aviation is well aware that its claims against DAL Global are futile. In lieu of addressing the deficiencies present in D.E. 31, as addressed in D.E. 41, ABM Aviation continues to force DAL Global to respond and engage in litigation for which it has resolved all legitimate disputes. ABM Aviation merely files D.E. 44 for harassment in hopes that DAL Global will resolve its illegitimate claims to fund any future settlement or verdict from Plaintiff's claims against ABM Aviation. DAL Global requests that the Court not permit ABM Aviation's bad faith tactic.

D. <u>DAL Global Would Be Prejudiced</u>

ABM Aviation had almost 15 months to assert its claims against DAL Global and failed to do so. (D.E. 1). Only after DAL Global settled the claims asserted by Plaintiff did ABM Aviation

attempt to bring cross-claims against DAL Global. (D.E. 31). Had these cross-claims been asserted earlier, DAL Global would never have been able to resolve the claims at that time. Granting ABM Aviation's motion serves to punish DAL Global for advancing the public policy of resolving claims early.

The prejudice here is obvious. A litigant may be prejudiced when a new claim would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017, no pet.) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). ABM Aviation had more than ample time to discover and bring forward its alleged cross-claims against DAL Global long before DAL Global resolved its claims with Plaintiff, and long before the pleadings deadline elapsed in this case. DAL Global is prejudiced by being forced to remain in litigation it had resolved prior to ABM Aviation even contemplating its deficient cross-claims.

E. <u>ABM Aviation's Claims Are Better Addressed Through A Responsible Third Party Designation</u>

ABM Aviation makes much of the jury needing to be able to allocate responsibility to DAL Global. (D.E. 44, ¶¶ 6-7). This may simply be addressed by including ABM Aviation as a "settling defendant" or a "responsible third party." TEX. CIV. PRAC. & REM. CODE §§ 33.003, 33.011.

This case is before the Court on subject matter jurisdiction based on diversity. (D.E. 1). In such cases, federal courts are to apply the substantive law of the forum state. *Ryder v. Union Pac. R.R. Co.*, 945 F.3d 194, 199 (5th Cir. 2019, no pet.) (quoting *Hemphill v. State Farm Mut. Auto. Ins. Co.,* 805 F.3d 535, 538 (5th Cir. 2015)). Under Texas Law, "a defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE § 33.004(a). In *Vaughn v. Chevron USA Inc.*, the United States District Court for the Southern District of Texas determined that "the

'responsible third party' law in Texas is not procedural, but is part of the state's substantive law." No. H-12-0404, 2013 U.S. Dist. LEXIS 69446, at *3 (S.D. Tex. 2013).  A party opposing the designation must file an objection on or before the fifteenth day after the motion to designate is served or the Court shall grant the motion.  *Id.* at § 33.004(f).  By granting a motion for leave to designate a person as a responsible third party, the person or entity named in the motion is designated as a responsible third party without further action by the Court or any other party.  TEX. CIV. PRAC. & REM. CODE § 33.004(h).  The trier of fact is entitled to allocate a percentage of responsibility for the harm for which damages are sought to all properly designated responsible third parties.  A person can be designated as a responsible third party if they are alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought. TEX. CIV. PRAC. & REM. CODE § 33.004.

Trial in this matter is not until December 15, 2022 leaving far greater than the 60 day advanced notice required by the Rules.  *See* TEX. CIV. PRAC. & REM. CODE § 33.004(a); (D.E. 30). Similarly, the Plaintiff's claims arise from an incident occurring on March 5, 2020, thus the two year statute of limitations has not elapsed.

## IV.
## CONCLUSION

For the reasons stated herein, DAL Global Services, Inc. respectfully requests that Cross-Plaintiff ABM Aviation, Inc.'s Amended Request to Withdraw Docket No. 31 and Allow Motion for Leave to Amend Its Answer to Include Cross-Claims Against Defendant DAL Global Services, Inc. (D.E. 44.) be denied.  There is no opposition to ABM Aviation, Inc.'s request for leave to the extent that it requests to seek designation of DAL Global Services, Inc. as a responsible third party to this litigation.

Respectfully submitted,

**BROWN SIMS, P.C.**

By: _____
Robert M. Browning
Texas State Bar No. 00796264
S.D. Tex. No. 21097
Email: rbrowning@brownsims.com
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027

*ATTORNEY-IN-CHARGE FOR
DEFENDANT DAL GLOBAL SERVICES, INC.*

OF COUNSEL:

Allison Z. Schackel
Texas State Bar No. 24088711
S.D. Tex. No. 2561425
Email: aschackel@brownsims.com
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027

*ATTORNEY FOR DEFENDANT
DAL GLOBAL SERVICES, INC.*

**CERTIFICATE OF SERVICE**

      I hereby certify that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing. Service on any party or counsel who is not a Filing User was accomplished via Email, Facsimile, Certified Mail/RRR, or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on this the 22nd day of February, 2022.

_____<br>Robert M. Browning