United States District Court
Southern District of Texas
**ENTERED**
June 03, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Lorie Duff, § | |
| § | |
| *Plaintiff*, § | |
| § | Case No. 4:20-cv-03430 |
| v. § | |
| § | |
| Frontier Airlines, Inc., ABM § | |
| Aviation, Inc., and DAL Global § | |
| Services, Inc., § | |
| § | |
| *Defendants*. § | |

## **MEMORANDUM AND ORDER**

Defendant ABM Aviation, Inc. ("ABM") filed a motion that requests both to withdraw its previous crossclaims, Dkt. 31, which were filed belatedly and without leave of court, and for leave to file a new amended answer that asserts those crossclaims against Defendant DAL Global Services, Inc. ("DAL"), Dkt. 44. For the following reasons, ABM's request to withdraw the crossclaims asserted in Dkt. 31 is granted, but its further request for leave to file an amended answer that includes those crossclaims is denied.

## Background

Plaintiff Lorie Duff filed this negligence suit in Texas state court for injuries she sustained while deplaning from a flight at George Bush Intercontinental Airport. Dkt. 1-4 at 2. Initially, she sued Frontier Airlines, Inc., the plane's operator, and ABM, the employer of the representatives who allegedly directed Plaintiff into a wheelchair, pushed it incorrectly, and caused it to fall over with Plaintiff strapped inside it. *Id.* After filing an answer on August 30, 2020, ABM removed the suit to this Court. Dkt. 1; Dkt. 1-7.

At the initial scheduling conference, the Court entered an order requiring parties to amend their pleadings by April 2, 2021. Dkt. 10. Plaintiff complied with this deadline by filing a First Amended Complaint on that date, adding as a defendant DAL, the entity that operated the jet bridges connecting the plane to the terminal. Dkt. 16 ¶ 11.

ABM did not file an amended answer by the specified deadline. Nor did ABM seek to extend that deadline in its September 9, 2021 joint motion asking the Court to continue other deadlines in the scheduling order. Dkt. 23; *see also* Dkt. 29 (Nov. 2, 2021 joint proposed modified scheduling order); Dkt. 30 (Dec. 6, 2021 scheduling order). Instead, ABM filed an untimely amended answer asserting new crossclaims against DAL. Dkt. 31 (filed Dec. 15, 2021). The same day, Plaintiff moved to dismiss, with prejudice, her claims against DAL, pursuant to a settlement agreement. Dkt. 33. DAL filed a Rule 12(b)(6) motion

to dismiss ABM's crossclaims in Docket No. 31 as untimely, inadequately pleaded, and barred as a matter of law. Dkt. 41 at 4-7.

The following week, on February 1, 2022, ABM filed an "Amended Request to Withdraw Docket No. 31 and Allow Motion for Leave to Amend its Answer to Include Cross-Claims against Defendant DAL ...." Dkt. 44. DAL opposes ABM's request for leave to amend. Dkt. 45. According to DAL, (1) ABM's request is unduly delayed; (2) amendment would be futile based largely on the same defects noted in DAL's separate motion to dismiss (Dkt. 41); (3) ABM has acted in bad faith; (4) permitting amendment would prejudice DAL; and (5) ABM's concerns about preserving its right to allocate liability to DAL are better addressed by designating DAL as a responsible third party under Texas law. Dkt. 45 at 4-11.

## **Legal Standard**

Generally, leave to amend a pleading shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). As ABM acknowledges, however, Dkt. 44 ¶¶ 7-9, the standard is different when—as here—the court's deadline for amending pleadings has expired. In that instance, the movant must first demonstrate good cause for modifying the scheduling order before the more liberal standard for amending pleadings can apply. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *see also* Fed. R. Civ. P. 16(b)(4) (requiring good cause to modify a scheduling order).

"The trial court [also] acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

## Analysis

### I. ABM Lacks Good Cause for Amending Its Pleading to Assert New Crossclaims against DAL.

ABM has not shown good cause for asserting its belated crossclaims against DAL. "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C.*, 315 F.3d at 535 (internal quotation marks omitted). Courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536.

Regarding the first factor, ABM fails to offer valid reasons for adding new crossclaims at this late juncture. The deadline for amending ABM's answer expired on April 2, 2021, ten months before ABM sought leave to amend. *See* Dkt. 10 (setting Apr. 2, 2021 deadline for amending pleadings); Dkt. 44 (motion for leave filed Feb. 1, 2022). Nowhere does ABM assert that it lacked the requisite information to bring its claims against DAL during the

4

nineteen-month period since ABM filed its original answer, and even before Plaintiff named DAL as a defendant. *See* Dkt. 1-7, Ex. G (ABM's Original Answer); Dkt. 16 (First Am. Compl.). Although ABM notes that Plaintiff's deposition has not been taken yet, Dkt. 44 ¶ 10, ABM has not shown how or why her deposition testimony was indispensable to asserting potential crossclaims against DAL.

For the second factor, importance of the amendment, ABM contends that it needs to assert crossclaims against DAL to ensure that the jury can assess liability against all potentially culpable parties. Dkt. 44 ¶¶ 10-12. But ABM has another means to achieve that result—one that would not require altering Court-established deadlines. Dkt. 45 at 11-12. Under Texas's proportionate-responsibility scheme, "a settlement in general does not prevent submitting to the jury questions about [the settling party's] conduct (only pursuing an actual judgment against the settling party)." *United Biologics, L.L.C. v. Allergy & Asthma Network/Mothers of Asthmatics, Inc.*, 819 F. App'x 204, 209 (5th Cir. 2020). This is because Texas law includes settling parties, like DAL, among the persons that a jury should consider when determining who wrongfully caused a plaintiff's damages:

> (a) The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility, stated in whole numbers, for the following persons with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by

5

>   negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these:
>
>   (1)   each claimant;
>
>   (2)   each defendant;
>
>   (3)   *each settling person*; and
>
>   (4)   each responsible third party who has been designated under Section 33.004.

Tex. Civ. Prac. & Rem. Code Ann. § 33.003(a) (emphasis added); *see also id.* § 33.011(5) (defining "settling person" as "a person who has, at any time, paid or promised to pay money ... to a claimant in consideration of potential liability with respect to the personal injury, property damage, death, or other harm for which recovery of damages is sought").

By its terms, Section 33.003 obviates ABM's concern that the lack of crossclaims could preclude it from "us[ing] an 'empty chair' defense" by pointing to DAL's alleged culpability for causing Plaintiff's harm. *See* Dkt. 44 ¶ 11. That statutory provision also moots any need to designate DAL as a responsible third party. *See, e.g., Morris v. Aircon Corp.*, 2017 WL 2927478, at *4 (E.D. Tex. June 15, 2017) (concluding that because "Plaintiffs have already settled with Georgia-Pacific[,] ... the trier of fact will determine Georgia-Pacific's percentage of responsibility as they meet the definition of a 'settling party' just the same as if Georgia-Pacific were deemed a responsible third party under § 33.003(a)(4)"; denying as moot defendant's motion to designate

Georgia-Pacific as a responsible third party). ABM's proposed crossclaims therefore are unnecessary to safeguard its alleged interests.

The third factor, potential prejudice to DAL, weighs strongly against allowing ABM's proposed amendment. ABM tries to justify its request by claiming that it would have sought to extend the deadline for amending pleadings had it known that Plaintiff and DAL were discussing potential settlement. Dkt. 44 ¶ 10. But the settlement between Plaintiff and DAL cuts the other way. As DAL explains, it was able to reach a settlement with Plaintiff because no crossclaims were pending. Dkt. 45 at 6. Based on that settlement, Plaintiff had voluntarily moved to dismiss her claims against DAL. Dkt. 33. This means DAL was all but gone from this suit before ABM sought leave to assert its crossclaims against DAL. *Compare id.*, *with* Dkt. 44. The Court agrees with DAL that allowing ABM to drag DAL back into this case, after DAL relied on the absence of crossclaims to achieve a settlement, would seriously prejudice DAL. *See* Dkt. 45 at 10-11.

Relatedly, the fourth factor also disfavors leave to amend because a continuance would not cure the prejudice to DAL. DAL already bound itself to the terms of its settlement with Plaintiff, which was premised on the absence of pending crossclaims. Opening the door for new claims against DAL would cause DAL to incur additional and likely unrecoverable defense costs that it had sought to avert through its prior settlement.

7

In sum, all four factors confirm that ABM has no good cause to amend its answer to bring new crossclaims against DAL. For that reason alone, ABM's motion for leave to amend should be denied.

## II. Leave to Amend Would Also Be Futile.

Moreover, even a cursory review of ABM's proposed amended answer reflects that its crossclaims are insufficiently pleaded. This provides another, independent reason for denying leave to amend.

"Although leave to amend should be 'freely give[n] … when justice so requires,' Fed. R. Civ. P. 15(a)(2), a district court may refuse leave to amend if the filing of the amended complaint would be futile, *i.e.*, 'if the complaint as amended would be subject to dismissal.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009)).

Whether amendment would be futile hinges on "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). That standard, in turn, requires a party to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Varela*, 773 F.3d at 710 (courts can reject pleadings that "are no more than conclusions" and

8

thus "not entitled to the assumption of truth") (quoting *Iqbal*, 556 U.S. at 679); *Ackerson*, 589 F.3d at 208 (affirming denial of leave to amend).

The crossclaims in ABM's proposed amended answer fall far below the threshold for stating plausible grounds for relief. ABM's first crossclaim for negligence lacks any factual explication. It does not even recite the elements of the cause of action. It just asserts formulaically that Plaintiff's damages "were caused in whole or in part by the negligence, carelessness, recklessness and/or wrongdoing of" DAL. Dkt. 44-1 at 1. This conclusory allegation cannot survive dismissal.

ABM's three other crossclaims for indemnification or contribution, whether based on a contract, common law, lease, or warranty, fare no better. Despite alluding to written agreements, these crossclaims do not specify any contract, lease, or warranty that arguably supports recovery. And, as ABM notes, Dkt. 45 ¶ 16, Texas law forecloses any right to common-law contribution or indemnification from DAL. *See Joe Hand Promotions, Inc. v. AIH Alamo Ice House, LLC*, 2017 WL 8895450, at *2 (W.D. Tex. Sept. 18, 2017) (rejecting similar claims for this reason, citing, *inter alia*, *GMC v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249, 255 n.10 (Tex. 2006), and *Casa Ford, Inc. v. Ford Motor Co.*, 951 S.W.2d 865, 874 (Tex. App.—Texarkana 1997, pet. denied)). Because ABM's crossclaims fail to satisfy minimum pleading standards, this Court denies ABM's request for leave to assert them.

## Conclusion

It is hereby **ORDERED** that ABM's Amended Request to Withdraw Docket No. 31 and Allow Motion for Leave to Amend its Answer to Include Cross-Claims against Defendant DAL Global Services, Inc., Dkt. 44, is **GRANTED in PART** and **DENIED in PART**. ABM's request to withdraw Docket No. 31 is **GRANTED**. ABM's further request for leave to amend its answer to assert crossclaims against DAL is **DENIED**.

Signed on June 3, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge