United States District Court
Southern District of Texas
**ENTERED**
June 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Lorie Duff, § § § *Plaintiff*, § § § v. § § Frontier Airlines, Inc., ABM § Aviation, Inc., and DAL Global § Services, Inc., § § § *Defendant.* § | Civil Action No. 4:20-cv-3430 |

## MEMORANDUM AND RECOMMENDATION

Two pending motions were referred to the undersigned judge. First, Plaintiff has moved to dismiss her claims against Frontier Airlines, Inc. with prejudice, based on a settlement. Dkt. 47. It is recommended that Plaintiff's motion be granted.

In addition, Defendant DAL Global, Inc. ("DAL") requests that this Court resolve DAL's request for additional relief that was not expressly resolved in this Court's Memorandum and Order entered on June 3, 2022, or the separate Memorandum and Recommendation entered on June 6, 2022 (Dkt. 52, 53). *See* Dkt. 54. As DAL notes, it had moved to dismiss untimely crossclaims asserted by both ABM Aviation, Inc. ("ABM") and Frontier Airlines, Inc. ("Frontier"). *See* Dkt. 41 at 1, 8 (DAL's "Amended Motion to Dismiss D.E. 31"). Only ABM

1

Aviation—and not Frontier—subsequently withdrew its crossclaims against DAL and sought leave to file its crossclaims against DAL, Dkt. 44, which leave this Court denied, Dkt. 52.

Although the June 6, 2022 Memorandum recommended denying DAL's motion to dismiss *ABM's* crossclaims as moot, Dkt. 53 at 1-2, it did not address *Frontier*'s crossclaims against DAL, which technically remain pending. The Court agrees with DAL that Frontier untimely asserted those crossclaims on December 15, 2021, many months after the deadline for adding new parties. *Compare* Dkt. 10 (setting April 2, 2021 deadline), *with* Dkt. 31 (filed Dec. 15, 2021). Frontier has not attempted to justify its untimely crossclaims, much less demonstrated good cause for permitting their assertion now. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); Fed. R. Civ. P. 16(b)(4) (good cause required to modify a scheduling order). Frontier's crossclaims against DAL should be dismissed.

## Recommendation

It is therefore **RECOMMENDED** that Plaintiff Lorie Duff's motion to dismiss her claims against Frontier Airlines, Inc. (Dkt. 47) be **GRANTED**, that those claims be **DISMISSED** with prejudice, and that Plaintiff and Frontier be ordered to bear their own costs of court as to those claims. It is further **RECOMMENDED** that DAL Global Services, Inc.'s motion to dismiss the crossclaims filed by Frontier Airlines, Inc. (Dkt. 41) be **GRANTED**.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on June 14, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge