IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LORIE DUFF** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:20-cv-03430 |
| | § | |
| **FRONTIER AIRLINES, INC., AND** | § | |
| **ABM AVIATION, INC.** | § | |
| *Defendants*. | § | |

## JOINT MOTION FOR CONTINUANCE

COMES NOW, Plaintiff Lorie Duff and Defendant ABM Aviation, Inc. and file this Joint Motion for Continuance and respectfully show unto this Honorable Court the following:

## BACKGROUND

1. Plaintiff is Lorie Duff.

2. Defendants are Frontier Airlines, Inc., DAL Global Services, LLC., and ABM Aviation, Inc. (hereinafter "ABM"). Frontier Airlines and DAL Global Services were recently dismissed from the lawsuit on June 29, 2022, by Court Order.

3. This case was originally filed on August 4, 2020, in the 125th Judicial District Court of Harris County, Texas. It was removed to this Court on October 5, 2020, without opposition.

4. This Court entered a Scheduling Order on December 6, 2021 (Doc. No. 30), setting a trial date for December 5, 2022. Discovery is scheduled to conclude on July 12, 2022. Plaintiff and Defendant ABM entered a Fed. R. Civ. P. 29 on April 27, 2022 (Doc. No. 50) extending expert designation deadlines; this was done prior to DAL and Frontier Airlines being dismissed and with the expectation that the motions to do so would be granted.

5. Since December 2021, the case has been bogged down in myriad procedural machinations to properly align the parties according to liability. As a result, discovery has been suspended and depositions have been placed on hold. Additionally, Plaintiff recently underwent surgery to address residual injuries arising from the alleged incident. With the dismissal of DAL and Frontier, Plaintiff and ABM have agreed to schedule Ms. Lorie Duff's deposition for July 19, 2022, and ABM's corporate representative for July 21, 2022.

6. Furthermore, ABM anticipates deposing Plaintiff's treating physician sometime in early fall and her liability expert as well. On June 24, 2022, Plaintiff issued several Deposition on Written Questions to Ms. Duff's medical providers seeking additional medical and billing documentation. These records will not be produced for at least 45 – 60 days; Defendant's medical expert will need to review these documents to formulate his opinions for Fed. R. Civ. P. 26(a)(2) Report.

7. It is anticipated that the Parties will seek a mediated settlement of the remaining claims; however, given current trial schedules and the need to set additional depositions, mediation will not be possible until late October/November.

8. Given the additional time necessary to take multiple depositions of key witnesses, obtain medical documentation about Plaintiff's recent surgery, and schedule mediation, the Parties are requesting a Continuance of all deadlines and resetting of expert designation deadlines for 90 days from the current December 5, 2022, trial date.

### SUPPORTING MEMORANDUM OF LAW

9. Federal Rule of Civil Procedure 16 permits the court to modify a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be

met despite the diligence of the party needing the extension.' " *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala.*, NA, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). The trial court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979).

10. The Parties are seeking relief because the deadlines currently established cannot reasonably be met despite the diligence exercised by the Plaintiff and Defendants.  The continuance being sought is not solely for delay but so that justice may be done. Therefore, it is within the discretion of this Court upon a showing of good cause to afford the Parties an opportunity to modify the current scheduling order to avoid needlessly prejudicing either party and continue the trial date.

## PRAYER

WHEREFORE, Plaintiff Lorie Duff and Defendant ABM Aviation, Inc. respectfully request the Court to extend the deadlines contained in its December 6, 2021, Scheduling Order (Doc. No. 30) and reset Expert Designations deadline by ninety (90) days, and that the Court make such Order as the Court deems fair and just.

Respectfully submitted,

ROSE LAW GROUP PLLC

*/s/ Marc Michael Rose*
Marc Michael Rose
Fed. Id.: 2943701
State Bar No.  24098350
777 Main Street, Suite 600
Ft. Worth, Texas 77024
Telephone: (817) 887-8118
Facsimile: (817) 887-8001
E-mail: marc@roselg.com
**COUNSEL FOR DEFENDANT**

ABM AVIATION, INC.

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel of record and that they are UNOPPOSED to the motion and relief sought herein.

                                                  */s/ Marc Michael Rose*
                                                  Marc Michael Rose

## CERTIFICATE OF SERVICE

This is to certify that on July 5, 2022, a true and correct copy of the foregoing document was served by e-mail on:

*Via E-mail:kevin@forsberglaw.com*
Kevin A. Forsberg
THE FORSBERG LAW FIRM, P.C.
15899 Hwy 105 West
Montgomery, Texas 77356
Telephone: (936) 588-6226
Facsimile: (936) 588-6229
E-mail: kevin@forsberglaw.net
**COUNSEL FOR PLAINTIFF**

                                                  */s/ Marc Michael Rose*
                                                  Marc Michael Rose