UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LORIE DUFF ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 4:20-CV-03430 |
| ) | |
| FRONTIER AIRLINES, INC. AND ABM ) | |
| AVIATION, INC. ) | |
| ) | |
| DEFENDANTS ) | |

**PLAINTIFF'S FIRST AMENDED DESIGNATION OF EXPERT WITNESSES**

COME NOW, Lori Duff ("Plaintiff"), in accordance with the Federal Rules of Civil Procedure cited below, the Scheduling Order entered by this Court, and any amendments thereto including agreements of the parties, and hereby file this her First Amended Designation of Expert Witnesses as follows:

**RETAINED WITNESSES**

**Jonathon Zimmer Schuch, M.Eng.P.E.**
849 Locust Ave.
Charlottesville, VA 22902
434-989-2065

**Mr. Schuch is a retained liability expert.  His CV was previously provided.  which details his education and experience.  Also produced was his report, which identifies the documents he reviewed, his methods of coming to his opinions and his opinions, as well as the support for said opinions.  In brief, Mr. Schuch is anticipated to testify based upon his report that Defendant AMB Aviation, Inc.'s employees fell below the standard of care in the handling of Plaintiff on the subject aisle wheelchair that resulted in her subsequent fall and injuries.  Mr. Schuch has, since the initial designation, been provided a copy of the deposition transcript of the ABM corporate representative (and exhibits to said deposition) and the deposition transcript of Lori Duff (and exhibits to said deposition).**

## NON-RETAINED HEALTHCARE EXPERTS

The individuals and healthcare providers listed below are expected to testify concerning their qualifications, education, training, and experience in their respective areas of practice and healthcare and their specialty fields, and/or areas of professional practice and/or knowledge. They may also be expected to testify concerning their familiarity and experience with the medical conditions and treatments involved in this case, and the basis of their familiarity and experience. These witnesses are expected to testify concerning the Plaintiffs diagnoses, treatment, and prognosis. They, directly or through a custodian of records, may also testify that the charges reflected in Plaintiffs medical bills are reasonable, and that the services listed in those bills were necessary. These witnesses are further expected to testify that as a direct and proximate result of the injuries and damages Plaintiff suffered because of the incident made the basis of this lawsuit, Plaintiff will require additional and future treatment.

**Houston Fire Department:**
**City of Houston EMS**
**P.O. Box 4945**
**Houston, TX 77210-4945**
**(877) 659-0481**
**Transportation from the Airport to the Hospital and was medically necessary.**

**Memorial Hermann Northeast Hospital**
**Dr. Darren Donathan**
**18951 North Memorial Drive**
**Humble, TX 77338**
**(281) 540-7700**
**Initial visit concerning the incident; Diagnosis/Findings: Closed Head Injury & Musculoskeletal Neck Pain.  Injuries, within reasonable medical probability, caused by injuries sustained at airport.**

**Miller Chiropractic, Dr. Kent Miller**
**3504 West Davis Street**
**Conroe, TX 77304**
**(936) 788-6565**
**Chiropractic care due to the injuries; Diagnosis/Findings: Sprain of Cervical, Lumbar & Thoracic Ligaments, Sprain of other Lumbar Spine Parts & Pelvis, Muscle Spasm & Headache.  Injuries, within reasonable medical probability, caused by injuries sustained at airport.**

**Houston MRI & Diagnostic Imaging:**
**9990 Richmond Avenue, Suite 110**
**Houston, TX 77042**
**(713) 425-8124**
**Magnetic Resonance Imaging (MRI) of suggested injured body parts.**

**Diagnosis/Findings: Hypertrophic arthropathy of facet joints at L3-4 w compromise the traversing & exiting nerve roots & anterolisthesis of L4, asymmetrical narrowing & spondylosis of L2-3 disc to the concave side of scoliosis w right-sided compromise of the traversing & exiting nerve roots, lumbar levoscoliosis of approx. 25 degrees & moderate to advanced asymmetrical atrophy of the posterior lumbar musculature (Lumbar Spine). Moderate foraminal stenosis C4-5 compressing the C5 nerve roots secondary to a 2mm disc bulge & facet osteoarthropathy, moderate narrowing and 3mm spondylotic disc bulge of C5-6 causing moderate foraminal stenotic compression of C6 nerve roots, osteoarthropathy of the facet joints at C2-3 & C3-4 compromising the exiting nerve roots & dorsal 2mm disc bulge at C6-7 indenting the thecal sac w/o neural mass-effect (Cervical Spine). Posterocentral 2mm disc protrusion at T5-6 disc, dextroscoliosis of the thoracic spine & mild hyperkyphosis, mild spondylosis & anterolateral asymmetrical bulge of the thoracic discs from T4 through T10 levels & hemangioma in the T8 vertebral body (Thoracic).**

**Texas Center for Neuroscience**
**Dr. Remi Nader[1]**
**1900 North Loop West, Suite 240**
**Houston, TX 77027**
**(713) 239-2309**
**Consult regarding cognitive difficulties due to accident as well as orthopedic injuries.**
**Diagnosis/Findings: Pain in Thoracic Spine, Spondylothesis in Lumbosacral Region, Post Laminectomy Syndrome, Other Intervertebral Disc Displacement in Lumbar Region, Other Cervical Disc Displacement, Radiculopathy in Cervical & Lumbar Region, Spinal Stenosis in Cervical & Lumbar Region, Cervicalgia, Low back pain, Post Concussion Syndrome & Post-Traumatic Headache. Injuries, within reasonable medical probability, caused by injuries sustained at airport.**

**Wasyl William Fedoriw, MD[2]**
**1322 Tulane St.**
**Houston, Texas 77008**
**260-413-8965**
**Treated Plaintiff and consulted regarding orthopedic injuries and made surgical recommendation. Diagnosis/Findings: R Hip Labrum Tear. Injuries, within reasonable medical probability, caused by injuries sustained at airport.**

---

[1] **Dr. Nader maintains a CV, previously produced. Dr. Nader's findings, recommendations for treatment and treatment are outlined in his records previously produced.**

[2] **Dr. Fedoriw maintains a CV, previously produced. Dr. Fedoriw's findings and treatment are outlined in his records previously produced.**

**Houston Spine & Rehabilitation Centers**
**Brett Baer, PT, DPT**
**Dr. Lenny Jue**
**3101 College Park Drive**
**The Woodlands, TX 77384**
**(281) 205-0317**
**Physical therapy treatment for complaints of headaches, cervical spine and thoracic spine pain and post surgical physical therapy; Diagnosis/Findings: Low & Mid Back Pain, Cervicalgia, Lumbar & Cervical Pain, R Knee Pain, Headache & Muscle Spasm of Back. Injuries, within reasonable medical probability, caused by injuries sustained at airport.**

**Signature RX**
**9434 Katy Freeway, #410**
**Houston, TX 77055**
**(713) 275-2589**
**Prescription refills**

**Horizon Pain Management**
**6535 FM 2920**
**Spring, TX 77379**
**(832) 442-3479**
**Treatment for neck strain, muscle spasm, exacerbation of osteoarthropathy of the facet joints and exiting nerve root compromise.  Injuries, within reasonable medical probability, caused by injuries sustained at airport.**

**Horizon DME (Pharmacy)**
**2236 West Holcombe Boulevard**
**Houston, TX 77030**
**Prescription provider**

**I. Julian Osuji, PhD**
**320 Decker Drive, Ste 100**
**Irving, Texas 75062**
**468-931-2229**
**Neuropsychologist**

**Complete Surgery – Houston Northwest c/o Surgicare**
**Dr. Mark Filley**
**1900 North Loop West, Suite 600**
**Houston, Texas 77018**
**281-502-0002**
**Trigger Point Injections**

**Dr. Mufaddal Gombera MD**
**7401 Main Street**
**Houston, Texas 77030**
**713-794-3457**
**Performed Hip Surgery and prescribed physical therapy as a result of incident.**
**Diagnosis/Findings: R Hip Anterosuperior Acetabular Traumatic Tear & R Hip Underlying Femoroacetabular Impingement;  R Hip Acetabular Labral Tear, Failed Suture Anchors in Acetabulum, Recalcitrant Trochanteric Bursitis & Recalcitrant Anterior Femoroacetabular Impingemen.**

## CROSS-DESIGNATION

Plaintiff reserve the right to call at trial any individual who has been or will be named by Defendant in response to any Interrogatory or Request for Disclosure, or whose name may appear on any document which has been produced or will be produced by any party in response to Requests for Production, or Requests for Disclosure; any individual whose name is contained in or reflected in any document which has been or will be obtained through deposition on written questions or whose name appears in any oral deposition taken in this case, including any documents produced at such deposition; any individual whose name is contained in or reflected in any documents which have or will be submitted to the Court by affidavit; any individual whose name is reflected in any document which has or will be subpoenaed by Defendant; and any individual who may be called by Defendant as a rebuttal or sur rebuttal witness.

Plaintiff also cross-designates, as adverse expert witnesses, all experts in the area of expertise designated by Defendant in this matter, subject to rulings of the Court. In addition, see the deposition testimony of these experts, when taken. Additionally, Plaintiff reserves the right to object to Defendant's experts whether retained or non-retained at the time of trial and/or in compliance with the Scheduling Order in this case.

Plaintiff further designates all healthcare providers who provided medical care to Plaintiff. These healthcare providers are not retained experts; however, these individuals are expected to render expert testimony in their respective fields of expertise.

Plaintiff does not vouch for the credentials or credibility of Defendant's expert witness(es), nor by this designation does Plaintiff intend to adopt the opinions set forth in the reports, if any, generated by Defendant's expert witness(es).

Descriptions provided below each retained expert's name are not intended to be an exhaustive list of the areas to be addressed by the expert. Likewise, the listing of documents or materials reviewed by any expert are not necessarily a complete listing of the materials contained within the expert's file. Rather, this information is being furnished to provide opposing counsel with an indication of the general areas that the expert will address and to provide guidance on the types of information or materials that the expert has or will review in connection with his/her work in this case.

Plaintiff reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate same as consulting expert, who cannot be called by opposing counsel.

Plaintiff reserves the right to call rebuttal witnesses who are not designated and whose testimony cannot be reasonably foreseen until the presentation of the evidence against Plaintiff.

Plaintiff would name any agent servant or employee of thereof of any health care provider(s) named above who may have rendered treatment to Plaintiffs during relevant time periods and whose name or initials appear in Plaintiffs' medical or billing records kept by said health care provider(s).

Respectfully submitted,

The Forsberg Law Firm, P.C.

*/s/Kevin Forsberg*_____
**Kevin A. Forsberg**
**State Bar No.: 24009204**
**15899 Hwy 105 West**
**Montgomery, Texas 77356**
**Telephone (936) 588-6226**
**Facsimile   (936) 588-6229**
**Kevin@forsberglaw.net**
**ATTORNEY PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading was forwarded to counsel of record via email on this 14th day of February 2023.

*/s/ Kevin Forsberg*
**Kevin A. Forsberg**